## Case No. 16,709.

### UNITED STATES v. WILLIAMS et al.

[1 Cranch, C. C. 178.] [1]

Circuit Court, District of Columbia. July Term, 1804.

COUNTERFEITING BANK NOTES—LIST OF WITNESSES AND JURORS—WITNESS FEES.

1. A prisoner, indicted for counterfeiting a note of the Bank of the United States, is not entitled to a list of witnesses and jurors two days before pleading, although the statute makes it felony.

[Cited in U. S. v. Coppersmith, 4 Fed. 202.]

2. A witness may be allowed his fees although not regularly summoned.

[Cited in Cummings v. Akron Cement & Plaster Co., Case No. 3,473; Re Williams, 37 Fed. 326; Burrow v. Kansas City, Ft. S. & M. R. Co., 54 Fed. 281.]

The prisoners [Philip Williams and Jacob Ray] being brought up to be arraigned for counterfeiting a bank-note of the United States for fifty dollars,—

Mr. Key, counsel for prisoner, observed that the act of congress (1 Stat. 573) has made it felony, and the act of April 30, 1790, § 29 (ut sup. 118) entitles the prisoners to a copy of the indictment and a list of witnesses in all capital cases. Every felony at common law is a capital offence. He therefore demanded for the prisoners a list of witnesses and jurors, and a copy of the indictment two days before pleading.

Mr. Mason denied that congress, by making it felony, had made it a capital offence. It was not a felony at common law, and the act, at the same time that it makes it a felony, prescribes a punishment less than death.

THE COURT (KILTY, Chief Judge, absent), was of opinion, that the prisoners were not entitled, under the act of congress of April 30, 1790, § 29 (1 Stat. 118), to a list of witnesses, jurors, &c., but ordered them to be furnished with a copy of the indictment, and gave them reasonable time to plead. A witness from Philadelphia, who was not summoned, was allowed to prove his attendance to testify to the grand jury in this case, having been requested by the attorney for the United States to attend.

A venire facias was ordered for the 3d Monday in September.