### In re WILLIAMS.

*(District Court, D. South Carolina.* January 23, 1889.)

1. WITNESS—ATTENDANCE AND FEES—IN FEDERAL COURTS.

 A person, under subpœna as a witness for the United States, attended court. The case was continued, and the witnesses were verbally instructed to attend at the next term. In the mean time he removed his residence into another state. Without further summons, he attended court, and was used as a witness by the United States. *Held*, that he was entitled to mileage from his place of residence.

2. SAME.

 A witness for the United States, voluntarily coming to and attending court on the verbal instructions of the district attorney, is entitled to *per diem* and mileage, notwithstanding that his residence is out of the district, and more than 100 miles from the place at which the court is held.

*(Syllabus by the Court.)*

On Application for Compensation as Witness.

*B. A. Hagood* and *R. W. Memminger, Jr.*, for applicant.

*H. A. De Saussure*, Asst. U. S. Dist. Atty.

SIMONTON, J. Williams was served with subpœna to attend the July term of this court in *United States* v. *Howard* in behalf of the government. He attended, and was registered by the district attorney. The case was continued to the October term. All the witnesses in behalf of the government were discharged with instructions to return at the next term. In October Williams attended, was again registered, and, the case of Howard having been continued, he was, with the other witnesses, discharged under instructions to appear at the January term. In November he went, under his father's instructions, to Jersey City, the residence of his father; he being a minor. He came back to Charleston to attend the January term of this court. He reported himself to the district attorney, and was registered as a witness, giving his residence as Jersey City, and was used at the trial of Howard. He never was bound over as a witness. He received no subpœna except to the July term. He claims his mileage from Jersey City.

With serious doubt of the *bona fides* of this case, I have examined into the facts presented in the affidavits, and have come to the conclusion that Williams came here in good faith, thinking that he was obliged to come, and for the sole purpose of being a witness. Assuming that the exigency of his subpœna was satisfied by his attendance at the July term, and that he has afterwards attended under the verbal instructions of the district attorney, he would, under the practice of this court, sanc-

tioned by the practice of other United States courts, be entitled to his *per diem.* *U. S.* v. *Williams,* 1 Cranch, C. C. 178; *Dennis* v. *Eddy,* 12 Blatchf. 196; *Cummings* v. *Cement Co.,* 6 Blatchf. 509. See, also, *Dreskill* v. *Parish,* 5 McLean, 241. And if Jersey City is *bona fide* his residence, he is entitled to his mileage, notwithstanding the fact that it is out of this state and district, and is more than 100 miles away from the place for the holding of the court. *U. S.* v. *Sanborn,* 28 Fed. Rep. 299. Let the order be prepared accordingly.