## Case No. 11,447.

### PROUTY et al. v. DRAPER et al.

[2 Story, 199;[1] 5 Law Rep. 161.]

Circuit Court, D. Massachusetts. May Term, 1842.

DEPOSITION—WITNESSES LIVING MORE THAN 100 MILES FROM PLACE OF TRIAL—TRAVEL AND ATTENDANCE — COMMISSION FOR EXAMINATION ABROAD.

1. The judicial act of 1789, c. 20. § 30 [1 Stat. 89], does not peremptorily ordain, that the testimony of witnesses, living more than a hundred miles from the place of trial, shall be taken by deposition; but it only permits such a course; and if such witnesses be present in court at the trial, and give their testimony orally, the full cost of their travel and attendance should be allowed in the costs.

[Cited in Spaulding v. Tucker, Case No. 13,-221; Dennis v. Eddy, Id. 3,793. Cited, but not followed, in The Vernon, 36 Fed. 116; Burrow v. Kansas City, Ft. S. & M. R. Co., 54 Fed. 282; Pinson v. Atchison, T. & S. F. R. Co., Id. 465. Approved in Hunter v. Russell, 59 Fed. 966.]

2. By St. 1 Wm. IV. c. 22, giving authority to English courts of law to issue commissions for the examination of witnesses abroad, the court may, in its discretion, allow the expenses of the witnesses, or the costs of the commission.

3. Postage paid on a commission should be allowed as a part of the costs thereof.

[Cited in Hussey v. Bradley, Case No. 6,946.]

Case for infringement of a patent for an improvement in the manufacture of ploughs. The cause was argued at a former term of the court, upon the general issue, and a verdict was found for the defendants. [Case No. 11,446.] A bill of exceptions to the opinion

[1] [Reported by William W. Story, Esq.]

of the court was filed at the trial; and a writ of error was taken by the plaintiffs [David Prouty & Co.] to the supreme court upon the exceptions, and the judgment rendered in favor of the defendants [Draper, Ruggles & Co.], and at the last January term of the court the judgment for the defendants was affirmed. See 16 Pet. [41 U. S.] 336.

A question upon the return of a mandate of the supreme court was now made as to the taxation of costs, which was shortly argued by Dexter & Phillips, for the defendants, and by Gray & Morton, for the original plaintiffs.

STORY, Circuit Justice. There does not appear to me to be any real difficulty as to the taxation of costs in this case. The first objection, taken by the plaintiffs, is to taxing the costs of witnesses, who personally attended at the trial, for their personal travel and attendance, they being more than one hundred miles from the place of trial. By the judicial act of 1789, c. 20, § 30, their depositions might, under such circumstances, have been taken, and used at the trial. The objection is that their personal attendance might have been dispensed with, and, therefore, that their travel and attendance ought not to be taxed in the costs. My opinion is, that the objection is not maintainable. The act is not peremptory, that under such circumstances the depositions of the witnesses shall be taken and used, but only, that they may be taken and used. It is, therefore, a mere option given to the party, who wishes to use the testimony of the witnesses. In many cases, the presence of the witnesses in person and their oral testimony on the stand, may be indispensable to the true exposition of the merits of the case. No deposition would or could, meet all the exigencies, which might arise from the varying character of the evidence or the necessity of instant explanation of circumstances, not previously known or understood. The character of the case, too, may be so dependent upon scientific principles, or on a minute description of mechanism, as to be almost impracticable to be presented to a jury, except by the aid of oral testimony, illustrating the principles of mechanism. In no class of cases is this more forcibly felt, than in the trial of cases like the present, for infringement of patent rights. There is no pretence in the present case, that the witnesses were brought here for purposes of oppression, or without necessity, for the purpose of swelling the costs of the litigation. In my judgment, therefore, there is no ground to say, that the full costs of the personal travel and attendance of the witnesses ought not to be allowed in the costs. Unless my memory deceives me, the same question has been presented to this court in several instances before the present, and it has uniformly received the same determination. There are numerous cases in the English reports, in which allowances have been made

for the travel and attendance of witnesses, who have come from foreign countries, for the purposes of the trial; and yet we all know, that in such cases, through the instrumentality of a court of equity (and now in many cases of a court of law), the testimony of such witnesses might be obtained upon a commission. Moor v. Adam, 5 Maule & S. 156; Tremain v. Barrett, 6 Taunt. 88; Sturdy v. Andrews, 4 Taunt. 697; Cotton v. Witt, Id. 55; and Lonergan v. Royal Exch. Assur. Co., 7 Bing. 725, 728. See, also, 2 Tidd, Prac. (9th Ed., 1828) p. 814; Tidd, New Prac. (Ed. 1837) p. 494; Bridges v. Fisher, 1 Bing. N. C. 510. Indeed, since St. 1 Wm. IV. c. 22, giving authority to the courts of law to issue commissions to take the examinations of witnesses abroad, it is still a mere matter of discretion with the court, if the witnesses are actually brought from abroad. whether they will allow the expenses of the witnesses, or only the costs of a commission. McAlpine v. Poles, 1 Cromp. & M. 795; Tidd, New Prac. (Ed. 1837) p. 494. This seems to be putting the whole doctrine upon a sound and rational foundation; and enables the courts at once to accomplish the purposes of justice, and to prevent the accumulation of unnecessary or extravagant expenses.

The rule adopted by the supreme court of Massachusetts in Melvin v. Whiting, 13 Pick. 184, 190, is manifestly a new one, then promulgated for the first time.[2] It can have no authority whatsoever here, it being a mere matter of state practice, as the courts of the United States have complete authority to adopt such practice for themselves, as they deem most convenient and proper. I confess myself not satisfied, that the state rule thus promulgated, is one, which has a very satisfactory foundation in principle, or public convenience. or general justice. At all events, this court has long held and acted upon a different doctrine; and I can perceive no just reason for changing it. I am, therefore, of opinion, that the objection should be overruled.

As to the allowance of postage paid upon the transmission of the commission to the commissioners, and upon the return thereof, after it was executed, as a part of the costs, I do not see, how that charge can well be distinguished from the other charges of executing the commission. It is a necessary part of the proceedings and expenses incurred thereby; and generally the cheapest mode of obtaining the testimony. The case of Thorndike v. Buffington [unreported], cited by Mr. Phillips in his Digest ("Costs," G, pl. 7), as having been decided in 1826, in the state court, is, to be sure, directly in point against the allowance of the charge. But I do not find that case any where reported in the printed reports; and no reasons are given for

the decision. So that we are wholly left to conjecture them. I cannot say that there appears to me any solid ground for denying such an allowance. The contrary rule may, for aught I know, be entirely in conformity to the settled practice of the state courts; and if so, it ought not to be disturbed. But it can furnish no ground to regulate the practice of this court, unless so far, as it seems adapted to the purposes of general convenience and justice. In either view, I confess myself not satisfied, that it ought to be adopted in this court.

---

[2] White v. Judd. 1 Metc. [Mass.] 293. affirms the same rule as to the travel and attendance of parties in suits.

