## Case No. 17,515.

### WHIPPLE v. CUMBERLAND COTTON MANUF'G CO.

[3 Story, 84.][1]

Circuit Court, D. Maine. May Term, 1844.

TAXATION OF COSTS—TRAVEL OF PARTY AND WITNESSES—WITNESS FEES—EXPENSE OF SURVEY.

1. Where the plaintiff taxed his travel from Lowell, where he lived, to Portland, the place of the trial, at the several times when he actually attended; it was *held*, that such tax was proper, as his personal attendance was important.

2. Where the testimony of a witness residing in another state or country, is important and necessary, his fees for actual travel and attendance from his place of residence are properly taxable in the case.

[Cited in Hathaway v. Roach, Case No. 6,213; Edwards v. Bond, Id. 4,294. Distin-

[1] [Reported by William W. Story, Esq.]

guished in Woodruff v. Barney, Id. 17.986. Cited in Anderson v. Moe, Id. 359; Spaulding v. Tucker, Id. 13,221; U. S. v. Sanborn, 28 Fed. 301; The Vernon, 36 Fed. 115; Burrow v. Kansas City, Ft. S. & M. R. Co., 54 Fed. 282; Pinson v. Atchison, T. & S. F. R. Co., Id. 465; Hunter v. Russell, 59 Fed. 966.]

3. A witness is entitled to his fees taxed during the whole time of his actual attendance during the trial of the case, although the examination on both sides be closed; or although the illness of counsel suspend the trial of the case.

[Cited in Dennis v. Eddy, Case No. 3,793.]

[Cited in Alexander v. Harrison, 2 Ind. App. 53, 28 N. E. 121; Rowe v. Shaw, 56 Me. 307.]

4. Where a survey was ordered by the court; it was *held*, that the expenses thereof were to be borne equally by both parties, since it was for their mutual benefit.

After the trial of this cause [Case No. 17,516], several questions arose as to the taxation of costs on the part of the plaintiff, which were submitted to the court for a final decision.

(1) The plaintiff [Oliver M. Whipple] was taxed his actual travel from Lowell, in Massachusetts, to Portland, on those terms when he attended and was present at court. The defendants contended, that a party living without the district or state, can only tax travel from the line of the state to the place where the court is held, on the usual travelled route from his place of residence.

(2) A witness, whose place of residence and business was at Saco, was summoned while temporarily absent on business at Boston, and actually travelled from Boston to Portland to attend the court. The plaintiff claimed to tax travel for a witness from Boston. The defendants objected to any travel beyond Saco, the place of his residence, and they object to any travel beyond the line of the state.

(3) The plaintiff claimed to tax the attendance of his witnesses after the examination of the witnesses was closed, and while the case was under argument. The defendants objected to taxing for witnesses after the examination was brought to a close.

(4) The case came on for a hearing, and after three days spent in the examination of witnesses, it was postponed from Thursday to the Monday following, on account of the sickness of counsel. The plaintiff claims to tax for the attendance of his witnesses during the postponement. The defendants objected to the taxation of the witnesses who resided in an adjoining town, not more than five or six miles from the place of the sitting of the court.

(5) The plaintiff claimed to tax the whole expense of the survey which was ordered by the court. The defendants objected to this taxation.

THE COURT held:

1. On the first point, that the plaintiff was entitled to charge his actual travel from Lowell, the place of his residence, to Portland, the place of the trial, at the several terms at which he actually attended the court, it appearing to the court, that his personal attendance and presence was important and proper, even if not indispensable in the case, under all the circumstances.

2. That the witness, stated in the second point, was entitled to have his fees for travel and attendance taxed in the case, as it was clear, that his attendance was proper and important, and that he actually did travel from Boston for the purpose. The courts in England have allowed travel and attendance fees, and even expenses of witnesses, who have been summoned from a foreign country, where it appeared to the court, that their testimony was important and necessary to the justice of the cause. 2 Tidd, Prac. 814 (9th Ed.) 1828. The same rule has been applied in other parts of the present circuit, where necessary witnesses have attended from other states.

3. On the third point, that the witnesses were to have their fees taxed during the time of their actual attendance after their examination was closed, it not appearing to have been unnecessary or improper; because, although the examination on both sides was closed, yet, under the circumstances of the case, it might be necessary for the court to direct the witnesses to be recalled to explain a part of their testimony, which might be obscurely given or misinterpreted.

4. Upon the fourth point, the attendance of the witnesses during the illness of counsel was properly to be taxed, since it was required by the state of the case, and it was uncertain when the cause would be resumed. If the witnesses had left the court without leave, they would have been liable for all damages, as well as to be attached, if their presence was required in the intermediate trial before their return.

5. On the last point, the expenses of the survey were to be borne equally by both parties, since it was made for their mutual benefit, and was necessary to the true understanding of the cause on both sides.