## Case No. 4,076.

### DRESKILL v. PARISH.[1]

[5 McLean, 241.][2]

Circuit Court, D. Ohio. April Term, 1851.

WITNESS—SUBPOENA—TAXATION OF FEES—DEPOSITIONS.

1. A subpoena runs like all other process, throughout the district. and also a hundred miles from the place of holding court.

[Cited in Young v. Merchants' Ins. Co., 29 Fed. 275.]

2. A deposition may be taken of a witness who lives more than one hundred miles from the place where the court is held.

[Cited in Young v. Merchants' Ins. Co., 29 Fed. 275.]

3. A witness who attends voluntarily, is entitled to his fees, from the party at whose instance he attends.

[Cited in Anderson v. Moe, Case No. 359; Spaulding v. Tucker, Id. 13,221; Dennis v. Eddy, Id. 3,793; Re Williams, 37 Fed. 326; Hunter v. Russell, 59 Fed. 966.]

4. But the losing party cannot be taxed with the fee of a witness unless he be regularly summoned, by the marshal or his deputy.

[Cited in Woodruff v. Barney, Case No. 17,-986; Anderson v. Moe. Id. 359; Cummings v. Akron Cement & Plaster Co., Id. 3,473; Spaulding v. Tucker, Id. 13,221; U. S. v. Sanborn. 28 Fed. 303; Haines v. McLaughlin, 29 Fed. 70; The Vernon, 36 Fed. 116; Burrow v. Kansas City, Ft. S. & M. R. Co., 54 Fed. 282.]

[This was an action by Peter Dreskill against Francis D. Parish to recover damages for hindering and obstructing the arrest of a slave. See Cases Nos. 4,087–4,089.]

Mr. Stanbery, for plaintiff.

OPINION OF THE COURT. Mr. Parish, the defendant, moved the court to retax the cost bill on two grounds: 1. Because there was no service of a subpoena on Charles S. Mitchell and Andrew J. Dreskill, who appeared several terms and were examined as witnesses. 2. Because several other witnesses were summoned who lived more than one

hundred miles from the place of holding the court.

The court said, the second ground is not sustainable. A witness may be summoned if he live within one hundred miles of the place where the court is held, though his residence may be out of the district in which the court is held. But a subpoena runs throughout the district, without regard to the distance, the same as any other writ. The deposition of a witness may be taken who lives more than one hundred miles from the place of holding the court. The first ground is sustainable. The compensation to a witness summoned is allowed. If he attend voluntarily or without summons, his fees cannot be charged against the losing party. The attendance of the witness is voluntary if he be not summoned. The indorsement of "Accepted," as in this case, by the witness on the subpoena, which was never placed in the hand of the marshal, is not sufficient. No attachment can issue to compel the attendance of a witness, under such a service.

In the case of U. S. v. Burr,[3] the court say. an attachment against a witness for non-attendance, pursuant to a subpoena, must be served by the marshal. And in the case of the U. S. v. Caldwell [Id. 14,708], an attachment was refused against a material witness who had not been regularly summoned.

The 6th section of the act of 28th February, 1799 [1 Stat. 626] provides that the compensation to a witness summoned shall be, &c. A witness not summoned, of course, can receive no compensation.

The court ordered the allowance made to Mitchell and Dreskill shall be stricken out of the cost bill taxed against the defendant, and that their attendance be charged to the party summoning them.