## Case No. 12,604.

### SECOR v. The HIGHLANDER.

[19 How. Prac. 334.]

District Court, S. D. New York. Nov. 14, 1855.

MARITIME LIENS—EFFECT OF AGREEMENT FOR EXTENSION CONTRARY TO STATUTE.

[A maritime lien under a state law, for materials and repairs, with a provision against extension of the time allowed for the lien, is not defeated by an agreement to take payment in a promissory note, if no note has in fact been given or tendered.]

[Cited in The Kate Tremaine, Case No. 7,622; Young v. Merchants' Ins. Co., 29 Fed. 275.]

The libel in this case was filed to recover for work done and materials furnished by the libelants to the steamboat. A contract in writing was made between the owner of the boat and the libelants on the 2d of February, 1855, by which the libelants agreed to build and put on board the steamboat a boiler, and do certain other work, for which the owner agreed to pay $4,400 as follows: $1,000 on March 1, $1,000 on April 1, $1,000 when the boiler was put on and all the work completed, and the balance in a note payable three months from the completion of the work. The boat was to run between New York and Albany. The work was finished June 6, 1855. The three cash payments were made, but the note for $1,400 was never given or tendered. Some extra work was done to the boat, the amount of which was disputed, and, the agents of the libelants coming to receive payment of both claims, the owner offered to give a note at three months for $2,500 in satisfaction of both. This was denied, and the libel then filed. The respondent claimed that the libelants, by agreeing to receive a note at three months from the completion of the work, had waived the lien given them by the state law upon the boat for the $1,400. For the rest it was admitted that he would have a lien.

Mr. McMahon, for libelants.
Benedict, Scoville & Benedict, for claimant.

HELD BY THE COURT: That if it can be fairly inferred from the stipulations of the contract that the libelants meant to trust to the personal responsibility of the owner, the contract is inconsistent with the exercise of a lien, and the same is waived. [Raymond v. Tyson] 17 How. [58 U. S.] 53. And it would also be waived if an unconditional credit were given for the payment extending beyond the time for which a lien is given by the state law. [Peyroux v. Howard] 7 Pet. [32 U. S.] 324. That the fair import of the lien law of this state is that the material man shall have a lien for what the owner agrees to give him in payment for his work and materials, provided that which is agreed to be given is by the agreement to be given before the expiration of the time allowed by law for the lien to exist. That the owners of the Highlander agreed to pay the libelant by a note at three months, to be given when the work was finished, and for the fulfillment of that payment the libelant had a lien; and if the note for $1,400, at three months, had been given or tendered by the owner, the lien would have ceased, and in that case there would have been a credit extending beyond the time allowed by the state law for the existence of the lien. But, the note not having been given or tendered, the libelants still have a lien upon the boat, as well for the balance upon the contract as for the extra work. Decree for libelants, with a reference to ascertain the amount.