JEREMIAH ROWE *versus* ELISHA W. SHAW.

By the mutual agreement of the parties, they, together with their witnesses,
went home from Court and returned with the same witnesses on Thursday
of the next week, and commenced the trial of their cause, but did not close
it until the following Monday, whereupon, the prevailing party, having paid
his witnesses for both travels, and for the Sunday intervening the days of
the trial, taxed these fees in his bill of cost: — *Held,* that they were prop-
erly taxable.

ON EXCEPTIONS.

APPLETON, C. J.—At the April term, 1868, of this
Court, the parties to this cause, with their respective wit-
nesses, attended Court for the purpose of trying the same.
Finding it could not be reached in season to be closed dur-
ing the week, they agreed to go home with their witnesses
and return at a time when it could be tried. They returned
to Court and commenced the trial upon Thursday of the
next week, being the day specified in their agreement. The
case was not closed until the following Monday.

(1.) The plaintiff having paid his witnesses their travel
each time they attended Court during the term, now claims
that the sums thus paid should be taxed in his bill of cost.
The witnesses went home for the convenience of the parties
and by their mutual agreement. The expenses of litigation
would have been increased by their remaining. The R. S.,
c. 116, § 14, allows a certain sum "for each mile's travel
going out and returning home." The parties agreed that
their witnesses should go home and return again to Court,
instead of remaining until the case should be in order for
trial. The arrangement was a judicious one, and can only
be carried out in good faith by allowing the taxation as
claimed by the plaintiff.

(2.) The witnesses remained in attendance during the
Sabbath. Their presence was necessary. A witness is en-
titled to his fees, taxed during the whole time of his actual

attendance during the trial of the case, although the examination on both sides be closed ; or although the illness of counsel suspend the trial of the case. *Whipple* v. *Cumberland Cotton Co.*, 3 Story, 84. " If the witnesses had left the Court without leave," remarks the Court, " they would have been liable for all damages, as well as to be attached, if their presence was required in the intermediate trial before their return."

By R. S., c. 116, § 11, grand jurors and jurors for trials are allowed a certain sum " per day, for their attendance." Jurors have always been paid for their attendance, the Sabbath being included. Indeed, a verdict may lawfully be returned on the Sabbath, if the cause have been committed to the jury before that day. *Webber* v. *Merrill*, 34 N. H., 202 ; *True* v. *Plumley*, 36 Maine, 466.

By c. 116, § 13, witnesses in the Supreme Judicial Court are allowed a certain sum " for each day's attendance." The language is substantially the same as that relating to jurors. The construction, which gives compensation to the juryman, is equally applicable to the witness, whose attendance is cotemporaneous with that of the juryman. Such, too, has been the view taken whenever the question has arisen.

In *Schott* v. *Benson*, 1 Blatchf., Cir. C't, 564, it was held that witnesses from a distance are entitled to fees for attendance on Sunday, when detained over that day. In *Muscott* v. *Runge*, 27 How. Pr., 85, a witness residing at a distance from Court, was held entitled to his fees for attending on Sunday as well as on secular days. This decision is cited with approbation in *Wheeler* v. *Ruckman*, 5 Robertson, 708. It was the duty of the witnesses, if duly summoned and their fees paid, to have been present at the opening of the Court on Monday. They would have been liable for contempt, had they been absent when their testimony was needed. It would have been no excuse, that they had gone home to spend the Sabbath, and that the distance was such that they could not reach the Court in due season. The respective parties, too, were bound to have their witnesses

seasonably in Court, and to do whatever was necessary to procure their attendance. The witnesses were entitled to their fees for remaining. The plaintiff being compelled to advance them for that purpose, should be allowed that amount in his bill of costs.          *Exceptions overruled.*

KENT, WALTON, DICKERSON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.

*D. D. Stewart,* for the defendant.

*G. W. Whitney,* for the plaintiff.