ANDERSON, (McKENZIE v.)

[See McKenzie v. Anderson, Case No. 8,855.]

---

ANDERSON, (MASURY v.)

[See Masury v. Anderson, Case No. 9,270.]

---

## Case No. 359.

### ANDERSON v. MOE.

[1 Abb. U. S. 299.][1]

Circuit Court, E. D. Michigan. June Term, 1869.

#### TAXATION OF COSTS—WITNESS FEES.

1. The fact that the deposition of a witness has been taken upon a dedimus potestatem, and is on file, forms no objection to the allowance of the travel fees of such witness, in the taxation of costs, if he attended and was examined in person.

2. Under the fee bill of February 5, 1853, as well as under former laws, the successful party is entitled to tax travel fees of a witness who resides out of the state and more than one hundred miles from the place of trial, and who attends voluntarily, upon mere request.

[Cited in U. S. v. Sanborn, 28 Fed. 303; The Vernon, 36 Fed. 116.]

[3. Cited in Cahn v. Monroe, 29 Fed. 675, to the point that witness fees are taxable, although the witness was not subpoenaed, if his attendance was procured in good faith.]

Question of taxation of costs: After the trial of this action, a question arose as to the amount to be allowed in the taxation of costs for the traveling fees of a witness,—Stafford. This witness resided in another district,—New York,—and more than one hundred miles from the place of trial. He was not subpoenaed, but attended voluntarily at the request of the plaintiffs. The defendant objected to the allowance of traveling fees of the witness from his residence to the place of trial, and for returning: 1st. Because his testimony by deposition had been taken and filed in the case. 2nd. Because the witness was not served with subpoena. 3rd. Because the travel was from beyond the district, and more than one hundred miles from the place of trial.

Alfred Russell, for plaintiffs.
Charles L. Atterbury, for defendant.

WITHEY, District Judge. The first objection is not allowable. If a witness is present at the trial his deposition ought not to be used. If the testimony was material, the party had a right to have the witness present before the court and jury, if his attendance could be procured.

The second objection is not well made, and that and the third will be considered together. If a witness resides in another state, and more than one hundred miles from the place of trial, a subpoena cannot be made effective; its service will be useless; it will afford no ground for an attachment. Is a party, therefore, obliged to take out a commission to take his testimony? or if the personal presence of the witness be deemed essential, and it can be procured, is the party deprived of the benefit of the act of 1853, which allows witnesses' fees for each day's attendance in court, one dollar and fifty cents, and five cents per mile for traveling from his place of residence to said place of trial, and five cents per mile for returning? Both questions are answered in the negative. No rule of court and no construction can properly be allowed to override the plain language and obvious import of this enactment. Under the act of 1799, it was held that traveling fees were allowable from the residence of the witness, although without the state, and more than one hundred miles from the place of trial. 3 Story, 84, [Whipple v. Cumberland Cotton Co., Case No. 17,-515.] Before the passage of the act of 1853,

[1][Reported by Benjamin Vaughn Abbott, Esq., and here reprinted by permission.]

it was held,—5 McLean, 241, [Dreskill v. Parish, Case No. 4,076,]—under the act of 1799, that, if the witness "attended voluntarily, or without summons, his fees cannot be charged against the losing party." This is but a literal rendering of the act of 1799, and, of course, it will bear the construction given it. That enactment allowed compensation "to witnesses summoned," and not, as in the act of 1853, "to witnesses for each day's attendance, &c.," without reference to whether the witness be "summoned" or not. Clearly, under the act of 1853, a witness who attends by procurement of a party because his testimony was deemed material, is entitled to the per diem of one dollar and fifty cents, and traveling fees from his place of residence, and for returning, provided he actually traveled so far to reach the court, as it would be from his residence to the court. The taxation made in this case is proper.