## Case No. 3,473.

CUMMINGS et al. v. AKRON CEMENT & PLASTER CO.

[6 Blatchf. 509.] [1]

Circuit Court, N. D. New York. June Term, 1869.

SERVICE OF SUBPŒNA—WITNESS FEES.

1. A service of a subpoena on a witness, in a civil suit, by a private person, not the marshal or his deputy, is a proper and legal service of a subpoena issued by this court.

2. A person who attends this court as a witness, on the request of a party, without the actual service of a subpoena, is entitled to his fees, and such fees may be taxed against the defeated party, under the act of February 26, 1853 (10 Stat. 161).

[Cited in Dennis v. Eddy, Case No. 3,793; Wooster v. Handy, 23 Fed. 62; U. S. v. Sanborn, 28 Fed. 304; In re Williams, 37 Fed. 326.]

Several witnesses for the defendants [the Akron Cement & Plaster Company] attended on the trial of this cause, without having been served with a subpoena by the marshal or his deputy, and it was on that ground insisted, that the fees of such witnesses could not be taxed against the plaintiffs [Uriah Cummings and others].

HALL, District Judge. Under the acts of congress, and the rules and practice of this court, the forms of process and modes of proceeding therein are, substantially, such as were in use in the state courts, under the Revised Statutes; and subpoenas issued for the purpose of compelling the attendance of witnesses, in civil cases, are not directed to the marshal, but to the witnesses themselves. In the state courts, the practice has always been to enforce obedience to a subpoena, when served by a private person; and it is believed that such service would, in this state, be a proper and legal service of a subpoena issued by this court.

I cannot doubt that a person who attends this court, as a witness, on the request of a party, without the actual service of a subpoena, is entitled to his fees; and that such fees may be taxed against the defeated party. That, under former acts of congress, the witness was entitled to his fees against the party on whose behalf he had attended, has been decided in several cases. Dreskill v. Parish [Case No. 4,076]; U. S. v. Williams [Id. 16,709]; Power v. Semmes [Id. 11,360]. And, as the service of process is, in fact, necessary only for the purpose of inducing such attendance, there is, in my judgment, no good reason, in the absence of legislation to that effect, for requiring the issuing of a subpoena, and its service by the marshal, in order to justify the taxation of the fees of a necessary witness, who attends, in good faith, without a subpoena. If the party is liable for the fees of such a witness, and

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

succeeds in his suit, he is, I think, clearly entitled to tax such fees as costs, or as a disbursement, against the opposite party, notwithstanding the case of Dreskill v. Parish, ubi supra, which may have been decided upon some ground peculiar to the law and practice of the Ohio courts.

The phrase, "pursuant to law," found in the act of February 26, 1853 (10 Stat. 161), must be held to apply to the attendance of witnesses before commissioners only; for, the punctuation of the statute seems to disconnect this phrase from the prior part of the sentence, relating to attendance in court; and the subsequent provision of the same act, which provides that "the amount paid printers and witnesses * * * shall be taxed," &c., "and be included in, and form a portion of, a judgment or decree against the losing party," without any restriction or limitation, must entitle the party to tax such fees. See McMillan v. Scott [Case No. 5,620].

I am not aware that this question has ever before been argued or formally decided in this district; but, witnesses in criminal cases, who have actually attended without a subpoena, have been frequently paid, and, I think, with the knowledge and concurrence of Mr. Justice Nelson.