### SMITH *v.* CHICAGO & N. W. RY. Co.

*(Circuit Court, S. D. Iowa, W. D. April 4, 1889.)*

COSTS—TAXATION—MILEAGE OF WITNESSES.

In the taxation of costs in the federal courts the clerk has no authority to allow mileage for witnesses living at a distance greater than 100 miles, unless the court shall, for good cause shown, otherwise direct.

At Law. On motion to retax costs.

*J. Lyman* and *J. G. Bull*, for plaintiff.

*Hubbard & Dawley*, for defendant.

Before SHIRAS and LOVE, JJ.

SHIRAS, J. In the above action a judgment was rendered at a previous term, assessing the costs against the defendant. In the taxation thereof the clerk allowed mileage for several witnesses summoned on behalf of plaintiff, for distances in excess of 100 miles, and the present

motion is made for the purpose of reducing the mileage thus allowed, on the ground that a prevailing party cannot compel his adversary to pay mileage for witnesses for distances exceeding 100 miles. Section 861 of the Revised Statutes provides that the mode of proof in actions at law shall be "by oral testimony and examination of the witnesses in open court, except as herein specially provided." By section 863 it is provided that the testimony of any witness may be taken in any civil cause by deposition *de bene esse* when the witness lives at a greater distance from the place of trial than 100 miles. Section 876 enacts that subpœnas for witnesses may run into districts other than the one wherein the cause is pending, provided that the witnesses do not live at a place more than 100 miles from the place of trial. If a witness lives at a distance not greater than 100 miles from the place of trial, whether within or without the district wherein the cause is pending, the adversary party has the right to insist upon his presence in open court; and his deposition cannot be taken and used unless he comes within one of the exceptions found in sections 863, 865, and 866, of the Revised Statutes. If, however, the witness resides at a point over 100 miles distant from the place of trial, or is about to go upon a sea-voyage, or beyond the limits of the United States, or is ancient or infirm, or is imprisoned, then his deposition may be taken. Unquestionably, either party may bring witnesses from any distance, and examine them in open court; and, as between the witnesses and the party who thus produces them, the witnesses will be entitled to their proper mileage and *per diem*, being entitled to charge for the distance actually traveled. When it is sought, however, to hold the other party liable for such costs, the latter has the right to insist that, as the party calling the witness could have taken and used the deposition of the witnesses residing more than 100 miles from the place of trial, he should not be compelled to pay costs thus made for the convenience of his opponent. It is the duty of the prevailing party, as in case of damages, to so conduct himself that the amount of the costs or damages shall not be unnecessarily increased. The general rule, therefore, is that, as testimony by deposition can be taken when the witness resides more than 100 miles from the place of trial, mileage for a greater distance is not ordinarily chargeable against the party not summoning the witness. The principle underlying the rule is that, as the party has the right and opportunity to take the testimony by deposition, and thus save the cost of excessive mileage, he should do so, and thus reduce the cost as much as possible. If, however, he deems it advisable to bring the witness in person, he may do so, but in such case the extra mileage cannot be adjudged against his opponent. There may arise cases justifying the court, in the exercise of a proper discretion, in applying a different rule. If a party, upon the eve of trial, or perhaps during the trial, amends his pleading, or introduces such a change of issues as requires the other party to put in the testimony of a witness living at a distance greater than 100 miles, and there is not time sufficient to enable a deposition to be taken, and the party is compelled to produce the witness in person, in such case the court might allow mileage for the entire

distance traveled to be taxed against the losing party. Such cases, however, would be exceptional, and the rule can be varied, if at all, only by the order of the court in the special case. In taxing costs by the clerk the limit of mileage is 100 miles, and this rule cannot be varied from, unless the court shall, for good cause shown, otherwise direct. The motion for retaxation in the present cause is granted.

LOVE, J. I concur in the foregoing. Let judgment be entered accordingly.