### BURROW v. KANSAS CITY, FT. S. & M. R. CO.

(Circuit Court, W. D. Tennessee. February 27, 1893.)

#### No. 3,114.

1. COSTS—TAXATION—WITNESS FEES.

A party in a federal court can only recover as costs the actual amount of fees paid each witness, and only to the extent of the amount legally due such witness; and where he has paid some witnesses more and some less than their legal fees, the legal fees of all cannot be grouped together to make the sum equal the amount paid to all.

2. SAME—MILEAGE.

Where a witness in a federal court, who lives in another state more than 100 miles away, and therefore cannot be served with subpoena, voluntarily attends in good faith on the request of a party who deemed his testimony material, such witness is entitled to the usual fees and to mileage for 100 miles, but not to mileage for any distance beyond 100 miles.

At Law. Action by Viola W. Burrow against the Kansas City, Ft. Scott & Memphis Railroad Company. Heard on motion to retax costs. Granted.

Statement by HAMMOND, J.:

This was an action at law against a foreign corporation for damages claimed by plaintiff from the defendant for negligently causing the death of her husband in Arkansas, and it resulted in a verdict in the defendant's favor with judgment for costs against the plaintiff and the surety on her $250

prosecution bond in the case. The only items involved in the motion are the fees of four of the defendant's witnesses. The case was continued two or three times at plaintiff's instance, and the witnesses attended at each term until the call of the case for trial. Under the practice of the court these witnesses proved on oath before the clerk their per diem and mileage fees as follows:

| | | |
|---|---|---|
| John Cocker, first term, 3 days, 487 miles.......................... | | $ 53 20 |
| G. L. Bowers, first term, 3 days, 287 miles...............$33 20 | | |
| Idem, second term, 2 days, 287 miles.................... 31 70 | | |
| | | 64 90 |
| W. F. Caudle, first term, 3 days, 487 miles................$53 20 | | |
| Idem, second term, 2 days, 487 miles..................... 51 70 | | |
| Idem, third term, 2 days, 226 miles...................... 25 60 | | |
| | | 130 50 |
| J. P. Sullivan, first term, 3 days, 287 miles..............$33 20 | | |
| Idem, second term, 2 days, 287 miles..................... 31 70 | | |
| Idem, third term, 3 days, 287 miles..................... 33 20 | | |
| | | 98 10 |
| Total amount proven........................................ | | $346 70 |

These fees are computed at $1.50 per diem for attendance and five cents a mile for the distance traveled each way. Plaintiff, in her motion, prays that "mileage be stricken out of the cost bill in this case," and insists in argument that, if any mileage be allowed, it should only be for 100 miles on each trip of the witnesses, which would make these fees as follows:

| | |
|---|---|
| John Cocker, one trip, 3 days, 100 miles......................... | $ 14 50 |
| G. L. Bowers, two trips, 5 days, 200 miles....................... | 27 50 |
| W. F. Caudle, three trips, 7 days, 300 miles..................... | 40 50 |
| J. P. Sullivan, three trips, 8 days. 300 miles................... | 42 00 |
| | $124 50 |

The fees, as proven by these witnesses, have all been respectively assigned by them to the defendant, and it has paid them the following sums in consideration of such assignment and as a compensation for the time lost by them as witnesses in this case, viz.:

| | |
|---|---|
| John Cocker the sum of.............................. | $17 31 |
| G. L. Bowers the sum of............................. | 35 96 |
| W. F. Caudle the sum of............................. | 75 50 |
| J. P. Sullivan the sum of........................... | 29 41—or $158 18 |

The defendant only claims in this behalf the amounts so actually expended by it in procuring the attendance of these witnesses, a sum considerably less than half the amount proven, and somewhat exceeding the taxation at 100 miles travel for each trip. None of these witnesses were subpoenaed, except Cocker, by the plaintiff, during the trial, while in voluntary attendance upon the court as a witness for defendant. Caudle and Bowers were not in fact examined as witnesses, the plaintiff's evidence being such as made their examination unnecessary; but they all attended the court in perfect good faith, and their attendance was procured "at the instance and request of defendant's counsel, and for the purpose of testifying in behalf of defendant," as the plaintiff alleges in her affidavit filed in support of this motion. The witness Cocker was an employe of the Pullman Palace Car Company, while Bowers and Sullivan were employes of the defendant railroad company, though Caudle was not.

J. J. Dupuy, for the motion.
Adams & Trimble, opposed.

HAMMOND, J., (after stating the facts.) Costs in the federal courts include, among other items, "the amount paid printers and

witnesses," (Rev. St. § 984,) and defendant can therefore recover here only the amount actually paid by it to each of these witnesses, (O'Neil v. Railroad Co., 31 Fed. Rep. 663; Beckwith v. Easton, 4 Ben. 358; The Highlander, 19 How. Pr. 334.) And it cannot even recover the amount so paid if in any instance such amount exceed the legal fees due to the witness. Nor can these fees of the different witnesses be grouped together, in order to make the sum equal or exceed the entire amount paid to them all.

Section 848 of the Revised Statutes, prescribing the fees of witnesses in the federal courts, is as follows:

"For each day's attendance in court, or before any officer pursuant to law, one dollar and fifty cents, and five cents a mile for going from his place of residence to the place of trial or hearing and five cents a mile for returning."

This provision is compiled from section 3 of the act of congress approved February 26, 1853, (10 St. at Large, p. 167,) the punctuation in the revision as quoted following that of the original act as published. The statutory provision relating to the issuance of subpoenas is the following:

"Subpoenas for witnesses who are required to attend a court of the United States, in any district, may run into any other district: provided, that in civil causes the witnesses living out of the district in which the court is held do not live at a greater distance than one hundred miles from the place of holding the same." Rev. St. U. S. § 876.

Under this provision defendant could not have procured the issuance and legal service of process of subpoena to procure the attendance of these witnesses on the trial of the case if they resided out of the state, and more than 100 miles from the place of holding court. And, even though they lived within the reach of process under the statute, if they were material witnesses for the defendant upon the trial of the issues involved in the suit, and their voluntary attendance was procured, without subpoena, in entire good faith on the part of defendant, through its counsel, of which there cannot be the slightest doubt, it would seem to be wholly immaterial to the plaintiff whether they were actually subpoenaed or not. The only office of the writ is to procure the attendance of the witnesses, and good faith is no less required in procuring their attendance by means of compulsory process than voluntarily. A party will no more be allowed to multiply costs unnecessarily by the procurement under process of immaterial witnesses or material ones in numbers largely in excess of the reasonable requirements of a case, than without process. Here these witnesses, no matter where their residences, might have been served with subpoena upon their arrival at the court, and, had writs issued for that purpose, plaintiff would now be liable to pay as costs the fees accruing thereunder in addition to what she must pay as it is; for by far the better opinion and the weight of authority are that the service of subpoena upon a witness is not a prerequisite to his right to fees from the party in whose behalf he in good faith attends the court, nor to the consequent liability of the losing party for the costs of such fees when paid by his adversary. U. S. v. Sanborn, 28 Fed. Rep. 299; Cahn v. Monroe, 29 Fed. Rep. 675;

Anderson v. Moe, 1 Abb. (U. S.) 299; U. S. v. Williams, 1 Cranch, C. C. 178; Cummings v. Akron, etc., Co., 6 Blatchf. 509; Dennis v. Eddy, 12 Blatchf. 195; The Syracuse, 36 Fed. Rep. 830; In re Williams, 37 Fed. Rep. 325; The Vernon, 36 Fed. Rep. 113; Eastman v. Sherry, 37 Fed. Rep. 844. And such has always been the practice in this district, as an examination of the records of the court show. Nor does it make any difference whether the witness was in fact called to testify, or whether he was sworn or not, provided always, of course, that his attendance was procured by the party to the suit in good faith, and that his testimony was deemed material to the issues involved. Clark v. American Dock & Imp. Co., 25 Fed. Rep. 641; Hathaway v. Roach, 2 Woodb. & M. 63.

The first question here, then, is one of fact as to the residence of these witnesses. They know where they reside, and have sworn to the facts before the clerk, and upon their oaths have proven the number of miles traveled by them respectively from their places of residence in Missouri to Memphis, Tenn., where the court is held in which the case was tried. Opposed to this is the affidavit of plaintiff that "she is informed and believes" that the witness Cocker is "a resident and citizen of the county of Shelby, and city of Memphis, and that he made his home in Memphis," running as a Pullman car porter between here and Springfield, Mo., and did not come to Memphis as a witness to testify on the trial, but, being here, simply remained at defendant's request. Counsel for defendant makes oath in this regard that said witness "made his home and headquarters at Kansas City, Mo.," and "that his attendance was procured at Memphis upon application to the superintendent of the Pullman Palace Car Company at Kansas City; and that said Cocker was sent here from Kansas City to Memphis for the purpose of testifying." The inevitable conclusion from this proof, therefore, is that Cocker's residence was Kansas City, as he himself swore, and plaintiff's information and belief cannot, of course, avail against his oath, nor against the positive affidavit of the defendant's counsel as to the manner in which his attendance as a witness was procured. The only evidence here as to the "place of residence" of the other three witnesses is the oath of each to the fact before the clerk. But plaintiff makes affidavit that they "are and were all employes of defendant, and run as train men on defendant's railroad from and to Memphis, Tenn., from and to Springfield and Kansas City, Mo.," and "supposes they were requested by defendant's solicitor to attend, and, coming to Memphis on their regular duty as trainmen on defendant's road, remained voluntarily over the days of trial to attend the court at the request or command of their employer or defendant's solicitor." The affidavit filed for defendant says "that the witness Caudle was not at that time an employe of the defendant," but admits that Bowers and Sullivan were its employes. Whether any of the witnesses were in the employ of either plaintiff or defendant is wholly immaterial. They have claimed their fees here under the statute, and substantiated their claims by their respective oaths. What plaintiff "supposes" cannot avail her, without more, and therefore the conclusion is that the place of residence of these three witnesses is as they have respectively sworn.

But because the amounts paid these witnesses (except one) respectively exceed the statutory fees to which they would be entitled had they come a distance of 100 miles or less, it becomes necessary to decide the question whether or not costs are taxable for full mileage of a witness who travels from his place of residence without the state, more than 100 miles distant from the court. So far as the practice of the court should control this question either way, if at all, it has been in favor of allowing such costs for mileage the entire distance actually traveled by the witness. I have requested the clerk to examine the records of the court in this respect, and, going back as far as 1883,—a period of 10 years,—he finds that this has been the invariable practice of the federal courts of this district, as shown by some 30 instances in civil suits during that period; and no case has been found where witnesses have been otherwise paid, or costs therefor otherwise taxed against the unsuccessful party. But this practice is now challenged, and it is urged that it should not be at variance with the statute, or a proper construction of it, if there be any doubt as to its meaning; and an examination of the reported cases shows, perhaps, a greater diversity of decision among the federal judges upon this question of costs than upon almost any other. In the first circuit the cases seem to be uniform, since Judge Story, that costs should be taxed for full mileage of the witness coming from beyond the district, no matter what the distance traveled. Prouty v. Draper, 2 Story, 199; Whipple v. Cumberland, etc., Co., 3 Story, 84; Hathaway v. Roach, 2 Woodb. & M. 63, 73; U. S. v. Sanborn, 28 Fed. Rep. 299, per Gray, J., in 1886. In the second circuit the contrary rule is just as well established where costs for mileage fees of such witnesses are only taxed against the losing party for 100 miles, irrespective of the distances in excess of that which the witnesses have actually traveled. Anon., 5 Blatchf. 134; Beckwith v. Easton, 4 Ben. 358; Steamship Leo, 5 Ben. 486; Buffalo Ins. Co. v. Providence, etc., Co., 29 Fed. Rep. 237; The Syracuse, 36 Fed. Rep. 830. And such is the well-settled rule in the ninth circuit. Spaulding v. Tucker, 2 Sawy. 50; Haines v. McLaughlin, 29 Fed. Rep. 70. In other circuits are the cases of In re Williams, (S. C.) 37 Fed. Rep. 325; Eastman v. Sherry, (Wis.) Id. 844; Smith v. Railway Co., (Iowa,) 38 Fed. Rep. 321; Sawyer v. Aultman, etc., Co., (Ill.) 5 Biss. 165, all to the same effect, though the last decision was based upon a rule of the court, of long standing, denying costs for the fees of any witness not regularly summoned, regardless of the distance traveled by him. In the seventh circuit in Dreskill v Parish, 5 McLean, 213, 241, it was held that the fees of a witness not summoned could not be taxed as costs at all; and such were the rulings in this circuit in Parker v. Bigler, 1 Fish. Pat. Cas. 285, and Woodruff v. Barney, 1 Bond, 528, 2 Fish. Pat. Cas. 244, decided in 1862, though in the latter case the inference would seem to be that Judge Leavitt's ruling goes to the extent of allowing the taxation of full mileage if the witness be summoned; for he says in the opinion:

"If a witness whose residence is not at the place of holding court is summoned there, he is allowed mileage for returning to his home, but not for

coming to the court; and, by a liberal construction of the statute, return travel has been allowed even beyond the limits of the district for which the court is held."

In 1869, Judge Withey held in Michigan that a witness going voluntarily to a court in that state from his home in New York was "entitled to the per diem of $1.50 and traveling fees from his place of residence and for returning, provided he actually traveled so far to reach the court," (Anderson v. Moe, 1 Abb. [U. S.] 299;) while Judge Brown, in the same state, as late as 1888, in the case of The Vernon, 36 Fed. Rep. 113, 115–117, in an exhaustive opinion, reviewing all the cases, ruled that the mileage fees of a non-resident witness could only be taxed as costs to the extent of 100 miles from the place of holding court.

As between the witness and the party at whose instance he attends the court, there is no doubt whatever as to the amount he should receive or could recover in a suit therefor. In case of a contract, it would, of course, be the amount agreed upon, and, in the absence of any contract, a quantum meruit, or reasonable sum for loss of time and necessary expenses. And in Spaulding v. Tucker, 2 Sawy. 50, Judge Sawyer, in ascertaining such sum, says:

"There being no special circumstances shown to call for a different measure, I know of no better mode of arriving at what is reasonable than to adopt the amount fixed by the act of congress as the compensation allowed witnesses who attend upon compulsory process."

And this amount, when ascertained, would be the measure of a recovery of costs in favor of the other party according to the weight of authority.

While it is true that in the courts of the United States, in cases at law, the oral testimony of witnesses has been the preferred and favored method of proof since the first judiciary act of 1789, and that section 861, Rev. St., taken therefrom, provides that "the mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided," yet the same original act prescribed a method whereby "the testimony of any witness may be taken in any civil cause pending in a district or circuit court by deposition de bene esse when the witness lives at a greater distance from the place of trial than one hundred miles," etc. Rev. St. § 863. The undoubted object of this provision, or certainly one of its principal objects, was to reduce the expenses of litigation, and enable parties to obtain in a comparatively inexpensive mode the testimony of witnesses residing at great distances from the place of trial, and often the necessary expense of procuring their attendance in court would be an absolute denial of justice because of the inability of parties to incur such expense, and perhaps the ruin of unsuccessful litigants in answering judgments for enormous costs, where the other side was able to incur the expenditure.

Without reviewing the cases on this subject, and notwithstanding the practice which has obtained in the courts of this district, and which has hitherto been practically unchallenged, and in view of the later cases in this and nearly all the other circuits except the first, I am inclined to hold, though with some hesitation, that

costs can only be recovered for the fees of a witness in a civil suit within the limit of his compulsory attendance under a writ of subpoena. It need not, of course, be further said that even such fees cannot be recovered as costs where the successful party has actually settled with the witness for a less sum, when, of course, only the amount paid, or perhaps agreeed to be paid, would be the measure of the recovery. Let the costs for the fees of these four witnesses, therefore, be taxed according to the principles of this opinion, and it is accordingly so ordered.