### HUNTER et al. v. RUSSELL.

(Circuit Court, D. Montana. January 31, 1894.)

#### No. 301.

1. COSTS—WITNESSES—MILEAGE—FAILURE TO TAKE DEPOSITIONS.
    Though Rev. St. § 863, provides that in civil cases pending in the federal courts depositions de bene esse may be taken where the witness resides more than 100 miles from the place of trial, it merely gives the option to take evidence in this way; and the failure to exercise this option will not destroy the right of the prevailing party to recover mileage for his witnesses who have traveled more than 100 miles. Smith v. Railway Co., 38 Fed. 321, disapproved.

2. SAME—MILEAGE—CHOICE OF ROUTES.
    Such mileage, however, will only be allowed upon the basis of the usual route taken by travelers between the points in question, notwithstanding the witnesses pursued a longer route.

3 SAME—ATTENDANCE—DELAY OF TRIAL.
    Plaintiff notified defendant that their cause would be tried on a specified day in the event that plaintiff procured a certain deposition in time, as he expected to do, and defendant prepared for trial on that day. The

trial was, however, delayed, by plaintiff's failure to receive the deposition in time. Defendant succeeded at the trial. *Held,* that he should be allowed his witness fees for attendance during the time that the trial was so delayed.

At Law. On motion to retax costs. Action by Duncan Hunter, W. B. Richards, H. G. Pickett, O. C. Dallas, and T. B. Miller against Robert Russell, in which there was judgment for defendant. Motion granted.

McConnell, Clayberg & Gunn, for complainants.
Albert Allen and Cullen & Toole, for defendant.

KNOWLES, District Judge. This cause now comes before this court on a motion to retax the costs of the defendant, in whose favor the suit was decided. It appears that the witnesses for defendant claimed fees for traveling from their place of residence, Troy, Mont., to Helena, in the same state, the latter being the place the suit was tried. Said witnesses also claim that they were required to travel, in coming from Troy to Helena, 565 miles. Counsel for plaintiffs urge that said witnesses should not be allowed for more than 100 miles' travel, and at all events the distance by the usually traveled route. from said Troy to Helena does not exceed 380 miles. The said witnesses also claim fees for 13 days' attendance in said court; while plaintiffs claim they should not be entitled to more than 6 days' attendance on the same. It is urged that the cause was set down only conditionally on the 5th day of January, 1894, and was not reached before the 11th day of said month. The facts as they appear to the court in regard to this point will be stated when the point is considered. In support of the claim that the prevailing party should not be allowed for his witnesses for traveling more than 100 miles from the place where the cause is tried, the case of Smith v. Railway Co., 38 Fed. 321, is cited. The distinguished jurist who made the ruling in that case based his ruling upon the ground that by section 861, Rev. St., it was provided that in an action at law there might be other evidence than oral introduced; that in section 863 of said Statutes it was provided:

"The testimony of any witness may be taken in any civil cause depending in a district or circuit court by deposition de bene esse, when the witness lives at a greater distance from the place of trial than one hundred miles," etc.

Having the right, then, by law, to take a deposition of a witness residing at a distance more than 100 miles from the place of trial, the court lays down the rule that this should be done, and expresses this rule:

"It is the duty of the prevailing party, as in cases of damages, to so conduct himself that the amount of the costs or damages shall not be unnecessarily increased."

This presupposes that the taking of the deposition of a witness living more than 100 miles from the place of trial would cost less than the traveling fees of such witness. This cannot be main-

tained in every case, especially in a newly-settled country, where those competent to take a deposition in an important case do not reside. A court ought not to assume that in any case the cost of taking the deposition of any witness who lives more than 100 miles from the place of trial would be less than the traveling fees of such a witness. It might be that a proper person to take such a deposition, and the attorney called upon to examine the witness, would be compelled to travel that distance in a country settled as Montana is; and I hardly think that a court should be called upon to determine in every case which would have been the less expensive mode of taking evidence in cases to be tried in this state. The determination of such a question would involve many considerations.

That a writ of subpoena runs throughout the territorial jurisdiction of a circuit court of the United States is a familiar doctrine. Dreskill v. Parish, 5 McLean, 241, Fed. Cas. No. 4,076. The territorial jurisdiction in such a case as this is the district of Montana. In the case of Smith v. Railway Co., supra, it is admitted that a witness could be compelled to attend from any part of the district when subpoenaed, but that the party subpoenaing him could not tax his opponent for more than 100 miles' travel. In the case of Prouty v. Draper, 2 Story, 199, Fed. Cas. No. 11,447, this section 863 came up for consideration. It was then section 30 of chapter 20 of the judicial act of 1789. In this the distinguished Justice Story held that the taking of a deposition under that section was a privilege to be exercised at the option of the party desiring the evidence of a witness living more than 100 miles from the place of trial, and that the opposite party had no right to demand that, under such circumstances, a deposition should be taken. Having, then, the right to compel the attendance of a witness from any point within the district, and having the option to take a deposition if living at the distance named, it does not seem to me to be going too far to hold that, if the litigant does not exercise the option to take the evidence of his witness by deposition, he can recover for what he is compelled to pay his witness by law as traveling fees. In the following cases it was held that fees should be allowed a prevailing party for his witnesses who have traveled more than 100 miles from the place of trial: Prouty v. Draper, supra; Anderson v. Moe, 1 Abb. (U. S.) 299, Fed. Cas. No. 359; Dreskill v. Parish, 5 McLean, 241, Fed. Cas. No. 4,076; Whipple v. Cotton Co., 3 Story, 84, Fed. Cas. No. 17,515; Holmes v. Sheridan, 1 Dill. 351, note, Fed. Cas. No. 6,644. This was undoubtedly the view entertained by the distinguished judges who decided the Anonymous Case in 5 Blatchf. 134, Fed. Cas. No. 432. The reasons upon which these decisions are based commend themselves to me more than those upon which the case of Smith v. Railway Co. was grounded, and I shall adopt them.

This cause was considered by the attorneys upon both sides as a law case, and the arguments upon this question of costs are based upon the ground that it is such. A jury was expressly waived in writing, and about all the evidence was oral, and given without

question as to the propriety of so giving it. I was not advised as to the nature of the cause until the pleadings were read in court. I should think there should be some doubt about its being a law case. It is true the suit was commenced in pursuance to the provisions of section 2326 of the Revised Statutes, to determine the right to the possession of the mining premises described in the bill of complaint. The bill alleges that plaintiffs were in possession of the premises in dispute; that defendant laid claim to the same, and asks that plaintiffs be declared entitled to the possession of the same, and that the claim of defendants be declared void. I think this should be declared an equitable proceeding. Both parties, however, seem to have classed it as a special proceeding at law; and of course I am not now called upon to decide this point, although it was suggested at the argument of this motion that it was an equitable case. But, if this should be classed as an equitable proceeding, I do not think the rule as to costs would be different. Equity rule 78 provides:

"That witnesses who live within the district may, upon due notice to the opposite party, be summoned to appear before the commissioner appointed to take testimony, or before the master or examiner appointed in any cause, by subpoena in the usual form," etc.

The time and place are to be specified in the subpoena. A court, in its discretion, may allow the evidence to be given before it in open court, upon the trial of a cause in equity. When a court consents to hear the evidence orally, it ought to have the same right to bring a witness from any part of its judicial district as its master in chancery. When the witnesses attend in person in such a case, the prevailing party should be allowed his fees the same as in an action at law. There is no reason for any different rule. The witness is compelled to travel and attend court by virtue of its command.

There are two affidavits on file, made by competent persons, showing that the usual route traveled from Troy to Helena is only 380 miles. Although the witnesses named in the bill of costs may have taken a longer route, they should not be allowed to charge for traveling fees more than that distance. The same rule also applies to the marshal subpoenaing the same. The clerk of the court is therefore directed to relax the costs, and allow for the witnesses and marshal fees for traveling to Helena from Troy and back at the rate of 380 miles each way. As to the attendance in court by the witnesses, there is nothing in the record to show that there was any conditional setting of this cause for trial. The condition which plaintiffs claim is this: That the cause should be tried on the 5th day of January, provided they obtained a deposition from a witness residing in New York. There was at the time a reasonable expectation that such deposition would be obtained. The notice given defendant subsequently conveyed the impression that the same would reach here in time. There was nothing for the defendant then to do but to prepare for trial, which he did. Under such circumstances, defendant should be allowed his witness fees for attendance in court during the time the trial of the cause

was delayed because of the nonarrival of said deposition as expected. These views are sustained by the case of Whipple v. Cotton Co., supra. Costs should be retaxed as directed.