### HANCHETT v. HUMPHREY et al.

(Circuit Court, D. Nevada.    April 11, 1899.)

#### No. 660.

1. COSTS—FEES OF WITNESSES—VOLUNTARY ATTENDANCE.

A witness who in good faith attends the court, whether in obedience to a subpœna or at the request of a party, is to be considered as attending "pursuant to law," within the meaning of Rev. St. § 848; and a successful party is entitled to recover as costs the legal amount paid a witness who attends voluntarily, the same as though he had been legally subpœnaed.

2. SAME—MILEAGE OF WITNESSES—LIMITATION AS TO DISTANCE.

Mileage is taxable for a witness in a federal court from any point or for any distance that could be reached by a subpœna, viz. from any point within the district, and for a distance of 100 miles if the witness comes from a point at a greater distance and without the district.

On Appeal from Taxation of Costs.

Reddy, Campbell & Metson and Torreyson & Summerfield, for plaintiff.

M. A. Murphy, for defendants.

HAWLEY, District Judge (orally).    The memorandum of costs in this case contained charges for three witnesses "100 miles and re-

turn." Two of them resided without the state at a greater distance than 100 miles, and one within the state at a distance of 100 miles. Neither of these witnesses were served with subpœna, but came voluntarily, at the request of the plaintiff. The clerk, following the ruling of Sawyer, Circuit Judge, in Spaulding v. Tucker, 2 Sawy. 50, Fed. Cas. No. 13,221, and Haines v. McLaughlin, 29 Fed. 70, disallowed these charges. When my attention was first called to this matter, several years ago, I informed the clerk that I entertained a different opinion; but, inasmuch as the circuit judge had announced the rule, it was, perhaps, better to follow it, and it has been ever since, pro forma, adhered to. Judge Ross, without regard to his own views upon the subject, pursued this course in Lillienthal v. Railway Co.,. 61 Fed. 622. The question, however, has often presented itself to my mind whether such rulings were fair to litigants and in conformity with sound reason, equity, or justice. These questions I have, in my own mind, always answered in the negative. My individual views were expressed in Meagher v. Van Zandt, 18 Nev. 236, 2 Pac. 60, and have never been changed. I am of opinion that witnesses may be required to attend court by agreement, or by the request of a party, without the service of a subpœna; and, if they do so attend, they can collect their fees for mileage and attendance from the party at whose request they were required to attend. Fees thus paid would, it seems to me, be a necessary disbursement in the action, which could, under the provisions of the Revised Statutes, be taxed as disbursement costs against the defeated party. Such attendance would be as "pursuant to law" as if the witnesses had been regularly subpœnaed. It is, of course, true that the statutory means of compelling the attendance of witnesses is by subpœna. But what right has the defeated party to complain because the other party caused his witnesses to come without a subpœna, and thereby saved expense? If a subpœna was served, the winning party could recover, not only the mileage of the witnesses, but the costs and expenses incurred in subpœnaing them; and these costs might, in many cases, be much greater than the mileage of the witnesses allowed by the United States statute. The objection to allowance of mileage because no subpœna is served, ground down to the common sense of the question, is that the winning party ought not to collect any disbursements he necessarily incurred by paying the legal fees of the witnesses because he did not go to the further expense of having them subpœnaed. Such reason does not appear to me to be sound. Its tone is not judicial, and its logic is certainly faulty, and the result, if continued, would lead to unnecessary expense to litigants, and ought not to be adhered to any longer. It is time to call a halt. If a mistake has been made, why not correct it, without waiting for an authoritative decision from the circuit court of appeals or from the supreme court? The question may never reach either of said courts. Is it not, therefore, better to follow a well-recognized and sound principle of law, than to blindly adhere to a precedent simply because it was made in your own circuit?

Upon a careful review of all the decisions in the national courts, it is manifest that the great weight of authority and of reason is

opposed to the conclusions heretofore followed in this circuit. Notwithstanding some conflict in the earlier cases, the law is now well settled that a witness who in good faith attends the court, whether he comes in obedience to a subpœna or at the mere request of a party, plaintiff or defendant, is to be considered as attending "pursuant to law," within the meaning of those words as used in section 848, Rev. St., and is entitled to his fees and mileage; and the party for whom he attends is entitled to recover costs for the legal amounts paid such witness, the same as if he had been legally subpœnaed. Anderson v. Moe, 1 Abb. (U. S.) 299, Fed. Cas. No. 359; Cummings v. Plaster Co., 6 Blatchf. 509, Fed. Cas. No. 3,473; Dennis v. Eddy, 12 Blatchf. 195, Fed. Cas. No. 3,793; U. S. v. Sanborn, 28 Fed. 299, 304; The Vernon, 36 Fed. 113, 116; The Syracuse, Id. 830; In re Williams, 37 Fed. 325; Eastman v. Sherry, Id. 845; Burrow v. Railroad Co., 54 Fed. 278; Pinson v. Railroad Co., Id. 464; Sloss Iron & Steel Co. v. South Carolina G. R. Co., 75 Fed. 106.

In Eastman v. Sherry, Jenkins, Circuit Judge, after referring to the conflict in the authorities as to whether the mileage of witnesses who attended the trial voluntarily without subpœna could be charged for, said:

"It needs only to state the conclusions to which my mind is constrained upon a careful consideration of the questions. The conclusion that a witness attends 'pursuant to law' only when present in obedience to a subpœna is, to my thinking, quite too narrow a construction of the statute. The object of the law is to reimburse the prevailing party for the necessary expenses of his evidence. The only purpose of the writ is to compel attendance. But, voluntarily attending, the witness is clothed with all the immunities of a witness served with process. He subjects himself to the jurisdiction of the court, and, when sworn, is subject to like penalties and protection as one attending in obedience to a writ. He attends pursuant to law when he subjects himself to the law. He waives the formal service of the writ. That is a matter personal to himself and to the party who calls him."

In Sloss Iron & Steel Co. v. South Carolina G. R. Co., Simonton, Circuit Judge, referring to Spaulding v. Tucker, and the other cases that hold that the subpœna is necessary in order to authorize the taxation of costs, said:

"With deference, I cannot concur in this view. The costs of witnesses are a part of his disbursements, to which the successful party is entitled. The purpose of the subpœna is to enforce attendance. If it be disobeyed, the party summoned can be attached; but, if he attend without compulsion, he is entitled to compensation. This is the conclusion reached by Mr. Justice Gray, on circuit, in U. S. v. Sanborn, 28 Fed. 302, and was concurred in by Mr. Justice Brown (then district judge) in The Vernon, 36 Fed. 116. In the conflict of persuasive authority, the two cases just cited will be followed."

There is some conflict of authority as to whether witnesses who live within the district, but over 100 miles distant from the place where the court is held, can charge mileage for a distance of over 100 miles. Some of the courts have held that the mileage ought to be confined to 100 miles, for the reason that section 863, Rev. St., provides for the taking of the testimony of any witness by deposition de bene esse when the witness lives at a greater distance from the place of trial than 100 miles. The true rule upon this subject, as gleaned from all the authorities, is substantially to the effect that the acts of congress were intended to, and do, allow mileage to witnesses to

the full extent of the distance that could be legally reached by subpœna, viz. at any place within the district, or at any point without the district to the extent of 100 miles from the place where the court is held. Anon, 5 Blatchf. 134, Fed. Cas. No. 432; Beckwith v. Easton, 4 Ben. 357, Fed. Cas. No. 1,212; Dreskill v. Parish, 5 McLean, 241, Fed. Cas. No. 4,076; The Leo, 5 Ben. 486, Fed. Cas. No. 8,252; Spaulding v. Tucker, 2 Sawy. 50, Fed. Cas. No. 13,221; Buffalo Ins. Co. v. Providence & Stonington S. S. Co., 29 Fed. 237; The Vernon, 36 Fed. 113; Eastman v. Sherry, 37 Fed. 844; Burrow v. Railroad Co., 54 Fed. 278, 282; Pinson v. Railroad Co., Id. 464; Hunter v. Russell, 59 Fed. 964, 966.

In Hunter v. Russell, District Judge Knowles, with reference to the right of a party to collect mileage for his witnesses residing within the district over 100 miles from the place where the court is held, said:

"In the case of Prouty v. Draper, 2 Story, 199, Fed. Cas. No. 11,447, this section [863] came up for consideration. * * * In this the distinguished Justice Story held that the taking of a deposition under that section was a privilege to be exercised at the option of the party desiring the evidence of a witness living more than 100 miles from the place of trial, and that the opposite party had no right to demand that, under such circumstances, a deposition should be taken. Having, then, the right to compel the attendance of a witness from any point within the district, and having the option to take a deposition if living at the distance named, it does not seem to me to be going too far to hold that, if the litigant does not exercise the option to take the evidence of his witness by deposition, he can recover for what he is compelled to pay his witness by law as traveling fees."

In Pinson v. Railroad Co., Philips, District Judge, with respect to the question raised as to the right of witnesses to mileage when they come from without the state a greater distance than 100 miles, after quoting the provisions of section 876, Rev. St., said:

"This question was thoroughly considered in the case of The Vernon, supra, by Judge Brown, now one of the associate justices of the supreme court, who maintains that, where the witness comes from without the state, at a greater distance than 100 miles, he is entitled to claim for mileage for the distance of 100 miles, and no more, and, of consequence, his per diems. On consideration, I am of the opinion that this is a proper and equitable construction of the statute. While it is true the party calling the witness has the right, under section 863 of the statute, to take his deposition de bene esse, he ought not, in justice, in every case to be held to that course, at the risk of paying the entire cost of the witnesses for personal attendance. Every lawyer and court knows, from observation and experience, the importance and advantage, and sometimes the necessity, of the personal presence of the witness at the trial. It is sometimes difficult and impossible to get so full, explicit, and perspicuous a statement of facts from the witness through a deposition as it is by his examination before court and jury. Questions and incidents of facts may arise on the trial, which could not be reasonably anticipated by the party taking the deposition in advance, which could be successfully and truthfully met by the witness when present in court. The party ought, as a matter of right, if he prefers to have the personal attendance of the witness, to be permitted to bring him at his own expense to the point of 100 miles distant from the court, and have the cost of mileage therefrom to the court taxed the same as if the witness resided within the 100 miles."

The clerk is authorized to tax the mileage for the three witnesses as costs herein. In all other respects the action of the clerk is approved.