## Case No. 13,221.

### SPAULDING v. TUCKER et al.

[2 Sawy. 50; 4 Am. Law T. Rep. U. S. Cts. 208; 4 Fish. Pat. Cas. 633; 6 Am. Law Rev. 161.] [1]

Circuit Court, D California. Aug. 19, 1871.

COSTS — PRINTING EVIDENCE — VOLUNTARY WITNESSES — STIPULATION.

1. The expenses of printing testimony for the convenience of the court, cannot be taxed as costs against the losing party.

[Cited in Lee v. Simpson, 42 Fed. 435; Ferguson v. Dent, 46 Fed. 95, 99.]

2. The losing party cannot be taxed with the travelling fees of witnesses, residing either within, or beyond, the reach of a subpoena, who voluntarily attend the trial, at the request of the prevailing party.

[Cited contra in Dennis v. Eddy, Case No. 3,-793; Cited in U. S. v. Sanborn, 28 Fed. 304; Haines v. McLaughlin, 29 Fed. 70; Young v. Merchants' Ins. Co., Id. 275; The Vernon, 36 Fed. 116; The Syracuse, Id. 831; Eastman v. Sherry, 37 Fed. 845; Burrow v. Kansas City, Ft. S. & M. R. Co., 54 Fed. 282; Pinson v. Atchison, T. & S. F. R. Co., Id. 465; Lillienthal v. Southern Ry. Co., 61 Fed. 623.]

[Distinguished in Alexander v. Harrison, 2 Ind. App. 52, 28 N. E. 119.]

3. A court of chancery may include in its decree, expenses incurred in obtaining necessary testimony, other than such items as are mentioned in the act of congress of 1853 [10 Stat. 161], regulating fees and costs.

4. Where the parties to a chancery suit, pending in the United States circuit court, for the district of California, for their mutual convenience, entered into an agreement to take the testimony of witnesses for both parties residing in Vermont and New Hampshire, before a commissioner in the city of New York, without the formality of a commission, and numerous witnesses on both sides voluntarily attended, and were examined, the court allowed the prevailing party a reasonable compensation for the travelling expenses of his witnesses so attending, and adopted the amount fixed by the act of 1853, as the measure of the compensation.

[This was an action by Nathan W. Spaulding against William Tucker and others for the infringement of letters patent No. 33,-270, granted to complainant September 10, 1861, reissued April 21, 1863, No. 1,456, for an improved mode of inserting detachable teeth in circular saw plates. There was a judgment for the complainant. Case No. 13,220. It is now heard upon motion to retax the complainant's bill of costs.]

M. A. Wheaton and A. Rix, for complainant.

Hall McAllister, for defendant.

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 6 Am. Law Rev. 161, contains only a partial report.]

SAWYER, Circuit Judge. The defendant objects to three classes of items included in complainant's bill of costs. Firstly, an item of three hundred and sixty dollars for printing evidence. Secondly, sundry items of travelling fees of witnesses, who reside out of the district of California, and more than one hundred miles from the place of hearing, and who, voluntarily, attended and testified at the hearing. Thirdly, the traveling fees of a large number of witnesses, who, at complainant's request, voluntarily went from their respective places of abode in different states to the city of New York, and were examined before a commissioner in the presence of the parties and their counsel.

1. The act of congress relating to costs makes no allowance for printing testimony. It is, no doubt, very convenient to have it printed. But, however convenient, it is not properly chargeable against the losing party as an item of costs.

There are, doubtless, many cases wherein the printing of the testimony would contribute so largely to a ready and full comprehension of the case by the judge, as to justify the parties in incurring that extra expense. But the law does not require it, and if printed it must be done voluntarily by the party desiring it, and at his own expense. Troy Iron & Nail Factory v. Corning [Case No. 14,197]. This item must be rejected.

2. Several witnesses came from the Eastern states to testify in court upon the hearing, and there are items of charge for a single witness, including travel, both ways, for over five thousand miles travel.

I do not find the question, as to the right of the prevailing party to tax against his opponent, the travelling fees of witnesses, who, thus voluntarily attend, when residing far beyond the reach of a subpoena, settled by any decision of the supreme court.

There are some decisions upon the point, on the circuit, reported. In Whipple v. Cumberland Cotton Co. [Case No. 17,515], the court allowed the travelling fees of a witness, who resided in Lowell, Massachusetts, and who attended at the trial in Portland, Maine, which is presumed to be over one hundred miles distant. In Prouty v. Draper [Id. 11,447], it does not appear whether the witness resided out of the district, or not. The inference, perhaps, is that he did not. At all events, this question was not raised or discussed. In Hathaway v. Roach [Id. 6,213], Mr. Justice Woodbury followed the practice of his predecessor, as determined in Whipple v. Cumberland Cotton Co. [supra].

These are the only cases in the national courts brought to my notice, in which fees for travel have been allowed witnesses, who came from a point beyond the reach of a subpoena, if such was the case in these instances. On the other hand, in Dreskill v. Parrish [Case No. 4,076], the court held that

fees of a witness who attended voluntarily could not be charged against the losing party. The court say: "The compensation to a witness summoned is allowed. If he attends voluntarily, or without summons, his fees cannot be charged against the losing party. The attendance of a witness is voluntary, if he be not summoned."

Those witnesses living more than one hundred miles from the place of holding court, whose fees were allowed in that case, were evidently within the district, and, therefore. amenable to the process of subpœna. Witnesses in civil cases, who live out of the district, and more than one hundred miles from the place of holding court, cannot be compelled to attend. Dreskill v. Parrish [Case No. 4,076], and 1 Stat. 335. They cannot be lawfully summoned, and, since they cannot be required to attend, their attendance is necessarily voluntary, even if a subpœna is in fact served. This authority, therefore, seems to be in point. These cases arose under the act of 1799, which provided, that "witnesses summoned in any court of the United States," shall receive five cents per mile travelling fees, "from their respective places of abode." 1 Stat. 626, § 6.

A similar decision was also made by the same court, in another action, between the same parties. Dreskill v. Parrish [supra]. Costs in cases at law are now controlled by the act of 1853, which provides, that "For each day's attendance in court, or before any officer, pursuant to law, one dollar and fifty cents, and five cents per mile for travelling from his place of residence to said place of trial or hearing, and five cents per mile for returning." 10 Stat. 167. [And section 1 provides that "The following, and no other, compensation shall be taxed and allowed." Id. 161. Thus, under this provision, no costs can be taxed and allowed for any attendance otherwise than pursuant to law.] [2]

The same question arose under this act, in Woodruff v. Barney [Case No. 17,986], and after elaborate examination, Leavitt. J., held, that, "pursuant to law," means upon service of process, and not voluntarily, upon the request of the party, without process; and, in this view, I fully concur. The learned judge, however, endeavors to distinguish the case from Whipple v. Cumberland Cotton Co. [supra], on the ground that, in that case, the party was in fact served, although it does not appear whether within or without the reach of the subpœna. If it is intended to intimate that a service beyond the jurisdiction affords a good ground of distinction, with due deference to so learned a judge, I am unable to recognize it; for, in my judgment, to be summoned, within the meaning of the statute, is to be served with a process, which the law recognizes, and which the party is bound to obey. The law knows no other summons. At all events, I think, un-

der the existing statute, to attend, "pursuant to law," is to attend under the obligatory requirements of the law. The party may request, but the law knows no request. It commands, or is silent; and a party who attends "pursuant to law," attends pursuant, or in obedience to, the commands of the law.

But it is probable that, since the contrary does not appear, it was only intended to intimate that, in the case cited, it must be presumed that the service was within, although the party resided beyond, the reach of the subpœna. Upon this hypothesis, there is no inconsistency between the later and earlier decisions. However this may be, I think, the decisions in Dreskill v. Parrish and Woodruff v. Barney [supra], on this point, entirely sound.

The principle involved in Parker v. Bigler [Case No. 10,726], is precisely the same as that here maintained. In that case, the marshal of the district of Pennsylvania, served a subpœna upon a party living in the state of Ohio. The marshal travelled by the usual route of travel, one hundred and sixty miles, to make the service. Objection to allowing the marshal's travelling fees was made, on the ground that he was not authorized by law to serve a subpœna that distance from the place of trial, without the boundaries of the district. The objection was sought to be obviated, by showing that the party lived within one hundred miles by an air-line. Mr. Justice Grier refused to allow costs for more than one hundred miles, on the ground that he could not assume an air-line for jurisdiction, and a zizzag for mileage. Thus, he recognized the validity of the objection, that the marshal is not entitled to fees for serving process upon a party, who is under no obligation to obey, or without the jurisdiction to which the process extends. If the marshal is not entitled to travelling fees for doing a voluntary act, in serving a void process, I do not perceive why the witness should be entitled to his travelling fees for voluntarily obeying it, when served.

Both, upon principle, and the weight of authority, I am satisfied that the travelling fees of those witnesses who came from other states, at the request of the complainant, to attend the hearing, and even those who came voluntarily, and not in obedience to a subpœna, from a distance within the state, ought not to be taxed as costs against the defendant. There are no special equitable grounds alleged in support of these items. Let those items of costs of this class, excepted to by defendant, be rejected.

3. There are some other items of travelling fees in this case, to which objection is made, that stand, in some particulars, upon a different footing. A large number of the witnesses examined on both sides reside in various towns in Vermont, New Hampshire, and other places in that portion of the United

[2] [From 4 Fish. Pat. Cas. 633.]

States. This was known to both parties, and, with this knowledge, and for the mutual convenience of the parties, they, by their solicitors, entered into a written stipulation and agreement in writing, to take the testimony of such witnesses before a commissioner in the city of New York, waiving all irregularity, etc.

In pursuance of this agreement, both parties collected their witnesses from the surrounding states, and took their testimony in New York. Although the attendance of these witnesses was necessarily voluntary, yet, it is claimed that they came to that place in pursuance of the understanding with the opposite party, and for his convenience, in part, and that their reasonable travelling fees ought to be allowed; that this is within the spirit of the agreement, under which their testimony was taken. The stipulation does not, it must be admitted, in express terms, provide that the travelling fees should be allowed as costs against the losing party; and, in an action at law, they would doubtless have to be rejected. But this is a suit in equity, and the question is, whether a court of equity can exercise any discretion in the matter; and, if so, whether the allowance of the travelling fees of these witnesses, would, under the circumstances, be a sound exercise of that discretion?

This distinction suggested, between a court of law and a court of equity, seems to be expressly recognized in the case of Parker v. Bigler, before cited. In that case, it was insisted that certain necessary expenses incurred for models, although not mentioned as items of costs in the act of 1853, upon the subject, were, nevertheless, properly chargeable to the losing party, as a part of the "expensa litis."

Upon this point, Mr. Justice Grier observes: "This may be true in a court of chancery, where the decree may include any expenses which have been necessarily incurred in the suit, for the information of the court, and in order to a just decision of the cause. These may be imposed on either party, or both, as the conscience of the chancellor may dictate; yet, in the courts of law, no such discretion is given to the court." Parker v. Bigler [supra].

In Woodruff v. Barney, also, the court carefully confines its discussion to "the subject of costs in cases at law." And all the other cases cited in this opinion are evidently cases at law.

The foregoing observations of Mr. Justice Grier seem, not only to recognize a judicial discretion in a court of equity to determine whether costs shall be allowed or not, but also to allow costs other than those prescribed in the statute upon the subject, according as justice and equity may require under the circumstances of each particular case.

In this case, had not the parties consented to take the testimony of those witnesses within easy reach of New York, in the manner in which it was done, it would have been necessary to send a commission to, or for counsel to attend in person at, each place, where the numerous witnesses resided, at great expense and inconvenience to both parties.

It was, doubtless, deemed more convenient, less expensive, or otherwise more advantageous to enter into the agreement that was made, than to pursue the course pointed out by the law, or this course would not have been adopted.

The agreement, necessarily, involved the payment by the parties requiring the testimony, for the services and travelling expenses of the various witnesses from their respective places of abode to New York; and in making the agreement the parties must be deemed to have contemplated and assented to the necessary consequences flowing from it. The complainant is clearly entitled to recover all proper costs of suits. This testimony so taken was important and necessary to his case. Had it been taken in the usual mode pointed out by law, he would have been entitled to recover the expenses as a part of his costs. The other mode was substituted by the consent, and in part, at least, for the convenience of the defendants themselves; and the mode so adopted forbade a coercive attendance of witnesses, and, necessarily, looked to a voluntary attendance. I think, therefore, under the circumstances, that the complainant is entitled to be allowed a reasonable sum as costs for his necessary expenses in procuring the attendance of such witnesses, and there being no special circumstances shown, to call for a different measure, I know of no better mode of arriving at what is reasonable, than to adopt the amount fixed by the act of congress as the compensation allowed witnesses, who attend upon compulsory process.

The act embodies the result of the judgment of the members of both houses of congress, as to what the allowance to witnesses should be, and I adopt the statutory allowance which the complainant himself has adopted as the measure of the allowance to be taxed against the defendants in this instance.

The several items of complainant's bill of costs, taxed for travelling fees of the several witnesses whose testimony was taken in the city of New York, and which are objected to by defendant's counsel, are allowed, and the objections thereto overruled.

Let the costs be retaxed in accordance with the views expressed in this opinion.

[For another case involving this patent, see Spaulding v. Page, Case No. 13,219.

[The judgment of this court, as rendered in Case No. 13,220, was reversed by the supreme court, where it was carried by writ of error. 13 Wall. (80 U. S.) 453.]