### HAINES *v.* McLAUGHLIN and others.

*(Circuit Court, N. D. California. October 22, 1886.)*

COSTS—WITNESS NOT SUBPŒNAED—TRAVELING FEES.
  Traveling fees of witnesses coming voluntarily upon the request of a party, without having been subpœnaed, from another district more than 100 miles from the place of trial, and beyond the reach of a subpœna, cannot be taxed as costs against the losing party; following *Spaulding* v. *Tucker,* 2 Sawy. 50.

*M. A. Wheaton* and *John Garlen*, for plaintiff.
*Hull McAllister* and *T. V. O'Brien*, for defendant.
Before SAWYER, circuit judge, and SABIN, district judge.

SAWYER, J. Since the case of *Spaulding* v. *Tucker*, 2 Sawy. 50, decided in August, 1871, after careful consideration, and, as was supposed at the time, in accordance with the then existing authorities, the rule has been regarded as settled in this circuit that traveling fees of witnesses coming voluntarily upon the request of a party, without having been subpœnaed, from another district, more than 100 miles from the place of trial, and beyond the reach of a subpœna, could not be taxed as costs against the losing party. This principle was recognized and adopted by Mr. Justice McLEAN in *Dreskill* v. *Parish*, 5 McLean, 241; by Judge LEAVITT in *Woodruff* v. *Barney*, 2 Fish. Pat. Cas. 245; and by Mr. Justice NELSON and Judge SHIPMAN in an anonymous case, (5 Blatchf. 134;) and the principle is the same acted upon by Mr. Justice GRIER in *Parker* v. *Bigler*, 1 Fish. Pat. Cas. 289. In *Spaulding* v. *Tucker*, after considering the cases herein cited, it was said by the judge delivering the opinion:

"I think, under the present statute, to attend *'pursuant to law,'* is to attend under the obligatory requirements of the law. The party *may request*, but the *law knows no request. It commands* or *is silent*, and a party who attends *'pursuant* to law,' attends pursuant, or in obedience to the commands of the law."

In a recent case, however, that distinguished jurist, Mr. Justice GRAY, of the supreme court, with the concurrence of Mr. Circuit Judge COLT, in the First circuit, overruled these decisions, in *U. S.* v. *Sanborn,* 28 Fed. Rep. 299, and on the authority of this case we are asked to reconsider the rule, as long established in this circuit. Did that case stand alone, I should not hesitate to yield my own impressions, whatever they might be, to authority so eminent. But we have seen that it does not stand alone, and that in three, at least, of the other circuits, the ruling has been different, having the sanction of three eminent justices of the supreme court. In *U. S.* v. *Sanborn* the court seems to attach some importance to the fact that the rule adopted, had long prevailed in that circuit, whatever the case might have been in other circuits. But the case is governed by the same statute, which is applicable to all the circuits. Whichever rule is the proper one, should, therefore, be followed in all the circuits, and it is highly important that the point should be authoritatively settled by a decision of the supreme court. With the utmost respect for those taking the other view, I shall, for the present, adhere to the rule heretofore established in this circuit; and my associate, for the purposes of this case, will adopt the view of Mr. Justice GRAY. If desired, a certificate of opposition of opinion will be made, and it is to be hoped that the case will be taken up for an authoritative decision.

I will venture to make an additional observation in support of the rule, apparently adopted in the Second, Sixth, and Ninth circuits. The true rule rests upon the proper construction of the statute. Section 823 says in plain, unequivocal terms: "The following, and *no other, compensation* shall be *taxed and allowed to* * * * witnesses * * * in the several states and territories, except in cases *otherwise expressly* provided by law." The provision is expressly prohibitory,—and "*no other* compensation" can be taxed and allowed, than such as is clearly "*expressly provided.*" The only express provision of which I am aware, applicable to the case, is that found in section 848, which reads: "For each day's attendance in court * * * *pursuant to law* * * * one dollar and fifty cents, and five cents a mile for going from his place of residence to the place of trial or hearing, and five cents a mile for returning." Do the words "pursuant to law" mean anything? Do they add anything—any qualification or limitation—to the provision? And, if so, what? And, if not, why were they so carefully introduced into the statute? It is one of the best-settled canons of statutory construction, that some force must, if possible, be given to every phrase and word of a statute. Does not "pursuant to law" mean, "upon the requirement of, or in obedience to, the law?" "to attend under the obligatory requirements, or *pursuant* to the commands, of the law?" Is this a strained or unnatural construction? If this be not the meaning of the phrase, then what meaning can be attributed to it, that will in any possible

degree add to, qualify, or limit the meaning of the other language used? Rejecting this construction, if some other rational, qualifying meaning, that the words will reasonably bear, cannot be suggested, then, it must be conceded, I think, that the phrase "pursuant to law" does not mean anything; and it will thus be stricken from the statute by judicial construction, in violation of the canon of statutory construction cited.

The law has fixed the limit to which a subpœna can run, and it has provided other and less expensive means for obtaining the testimony of witnesses residing beyond the jurisdiction of the court to send its subpœna. If parties can tax the traveling fees of witnesses who come, voluntarily, upon request, and not *pursuant* to the commands of the law, for a distance of 10 miles beyond the reach of a subpœna, they can do it for witnesses who come from any part of this wide world, and make the expenses of litigation intolerably burdensome to their opponent in case of final success, as in this case.

It is said as a reason for allowing traveling fees to voluntary witnesses, that testimony is often much more effective when delivered by the witness in person upon the stand, in the presence of the jury, than when taken by deposition. This may in some instances be so, but, when so, this mode of producing the testimony is for the special benefit of the party, who desires it in that particular form. If he thinks it more for his interest to adopt the mode more expensive than that provided by law, he ought, himself, to pay the extraordinary expense over that of the ordinary mode provided for obtaining the testimony. If this is not so, then it is suggested that congress, and not the courts, should amend the law by striking out from the statute the words "pursuant to law;" thereby leaving the section without any qualification or limitation.