## YOUNG *v.* MERCHANTS' INS. CO. OF NEWARK, N. J.

*(Circuit Court, D. South Carolina.   December 10, 1886.)*

1. REMOVAL OF CAUSES—COSTS—WITNESSES SUBPŒNAED AFTER PETITION FILED.

   Where a cause is removed from a state court to a federal court, on the ground that it is a controversy between a citizen of the state where the action is brought and a corporation created under the laws of another state, the state court loses jurisdiction immediately upon the filing of the petition for removal; and costs for witness fees in the state court for witnesses subpœnaed thereafter will not be allowed.

2. SAME — WITNESSES ATTENDING TO GIVE DEPOSITIONS — DEPOSITIONS ISSUED FROM STATE COURTS NOT USED — COMMISSIONERS' FEES — NUMBER OF COMMISSIONERS.

   Where a cause is removed from a state court to a federal court, costs of witnesses attending at the taking of depositions issued out of the state court will be allowed if the depositions were issued before the removal of the cause, even if they were not used, because of the presence of the witnesses, or because the facts testified to were admitted at the trial.   The fees of three commissioners for taking the depositions will be allowed, if the defendant against whom the costs are taxed assented to that number being employed; if not, the costs of but one will be allowed.

3. WITNESS—MILEAGE AND PER DIEM.

   All parts of the state of South Carolina are within the jurisdiction of the United States circuit court for the Eastern district of South Carolina; and *per diem* and mileage will be allowed witnesses attending at a trial in that court who come from the Western district of that state, no matter what the distance.

4. SAME—ATTENDANCE ON COURT IN ANOTHER ACTION—DOUBLE FEES.

   Witnesses will not be deprived of their *per diem* and mileage by the fact that they were in attendance on the court in another cause between different parties, and received *per diem* and mileage therefor.

5. SAME—NUMBER OF WITNESSES ON EACH ISSUE—GEN. ST. S. C. § 2192.

   Under Gen. St. S. C. § 2192, mileage and *per diem* will be allowed for but three witnesses to each issue raised in the action in which they are subpœnaed.

6. SAME—FEES, HOW CALCULATED—POINT ADMITTED, ON WHICH WITNESSES ARE CALLED—NEW TRIAL.

   Witnesses subpœnaed to testify to a particular point will be allowed mileage and *per diem* up to the admission of their testimony, although the other party admits at the trial the point to be proved by such witnesses, and a second trial being had, and no stipulation or entry made on record that the point would be admitted at such second trial, such witnesses will be allowed *per diem* and mileage for attendance at that trial also.

7. SAME — WITNESSES NOT DEMANDING PREPAYMENT — OBLIGATION OF PARTY SUMMONING—TAXATION.

   Witnesses do not lose their right to mileage and *per diem* by not insisting upon prepayment; and the party summoning them, being bound to pay such mileage and *per diem*, may tax them in his costs.

8. SAME — WITNESSES SUBPŒNAED AND PRESENT — NO TRIAL — NO NOTICE TO WITNESSES.

   Where a cause was on the docket, and could be tried at a term of court at which it was not tried, and before learning that the trial would not take place, a party summoned witnesses whom he was not able to notify that the trial would not be had, such witnesses, attending court, are entitled to their mileage and *per diem*.

On Motion to Tax Costs.

*De Bruhl* and *Mitchell & Smith*, for plaintiff.

v.29F.no.7—18

*H. R. Jackson, Jr.*, for defendant.

SIMONTON, J.   This is a question of taxation of costs, coming up on review of a taxation by the clerk of this court.   The action was on a policy of insurance.   It was originally brought in the circuit court of South Carolina, sitting for the county of Abbeville, and was removed into this court, the controversy being between a citizen of South Carolina and a corporation created under the laws of the state of New Jersey.

The first.question is as to costs incurred in the state court.   As we have seen, the action was commenced in the state court.   A petition for removal, with every formality required by law, was filed on seventeenth October, 1884, to the first term at which the case was triable.   The case was within the act of congress.   The state court had no power to refuse the removal, could do nothing to affect the right of removal, and its rightful jurisdiction ceased *eo instanti*.   Dill. Rem. Causes, (3d Ed.) 92. Every subsequent exercise of jurisdiction was null and void, and every step *coram non judice*.   Dill. Rem. Causes, (3d Ed.) 93, note; *Steam-ship Co.* v. *Tugman*, 106 U. S. 122; S. C. 1 Sup. Ct. Rep. 58.   Nor is the adverse party·entitled to notice of the time and place of presenting the motion.   Dill. Rem. Causes, (3d Ed.) 92, note 2.   This being the case, all costs taxed for witnesses in the state court on subpœna issued, as is admitted, after seventeenth October, 1884, are disallowed, and all costs of the clerk and sheriff after that date are not chargeable on defendant.

The action having been removed, and motion to remand having been refused, was tried in this court, April term, 1885, and resulted in a verdict for the plaintiff, which was set aside.   It was tried again at April term, 1886, resulted in a verdict for plaintiff, and a motion to set aside the verdict was refused.

The witnesses resided more than 100 miles from the place of trial, but were residents in South Carolina, in the county of Abbeville, for the most part.   Abbeville is in what is known as the Western district of South Carolina.   The place of trial was at Charleston, in what is known as the Eastern district.   All, or nearly all, of the witnesses on the first trial were also witnesses under subpœna in another cause between the same plaintiff and another insurance company, known as the Farmers' Insurance Company, and were paid *per diem* and mileage.   The number was 13 in all.   At the trial in April, 1885, when witnesses were called as to the value of the property, the defendant's attorney admitted as proved the testimony they were prepared to give, and they were not examined.   Thirteen witnesses were present under subpœna.   There is no evidence that plaintiff has paid them their *per diem* and mileage. The clerk has taxed up as costs *per diem* and full mileage for those witnesses.

The first objection taken by defendant is that mileage cannot be taxed for witnesses who reside more than 100 miles from the place of trial,— certainly for not more than 100 miles going, and the same number returning.   Mileage· can be charged in every instance in which a subpœna

can be issued and enforced. The subpœna can be used to compel the attendance of a witness, if he lives within the jurisdiction of the court out of which it is issued, or, if he be without the jurisdiction, if he live within 100 miles of the place of trial. *Dreskill* v. *Parish*, 5 McLean, 241; *Anon*, 5 Blatchf. 134; *Spaulding* v *Tucker*, 2 Sawy. 50. All parts of the state of South Carolina are within the jurisdiction of this court. Its process runs all through the state. It does not know, in the sense which affects its jurisdiction, either the Eastern or Western district. This objection is overruled.

That any or all of the witnesses examined in this action in April, 1885, were also in attendance on the court in another cause, not between the same parties, and that they have been paid for such attendance, cannot deprive them of their right to *per diem* and mileage in this case. If they were under subpœna to testify in this case, and so came and attended, they have earned their compensation. *Parker* v. *Bigler*, 1 Fish. 285, quoted by Desty, Fed. Proc. 445. This exception is overruled.

Although 13 witnesses were examined, the plaintiff cannot tax *per diem* and mileage for more than three to each issue. *Bussard* v. *Catalin*, 2 Cranch, C. C. 421; Gen. St. S. C. § 2192. The clerk will reform the taxation, if need be, to conform to this rule.

Where issue has been joined, and the points in controversy fixed, it is the duty of the plaintiff, or the party on whom is the burden to summon his witnesses, to have them present to testify. If at the trial the other party admit the particular points to be proved by such witnesses, they, nevertheless, are entitled to *per diem* and mileage,—that is to say, their *per diem* up to the admission of their testimony. They cannot get *per diem* for any day afterwards during which they may attend the trial. To this extent this objection is overruled.

It is also claimed that no *per diem* or mileage can be taxed for witnesses, unless it be shown that such witnesses have been paid by the party who subpœnaed them before or at the trial. The case of *The Highlander*, (BETTS, J.,) 19 How. Pr. 334, quoted in 4 Ben. 358, is cited. The true rule is this: The *per diem* and mileage of a witness cannot be taxed in the costs of the judgment, unless the witness himself claims this compensation. *Clark* v. *Linsser*, 1 Bailey, 190. He can demand them before he obeys the subpœna. He does not waive them by not insisting upon prepayment. Having made his demand before judgment entered, the party summoning him is bound to pay them, and being so bound he can tax them up in his costs. The *per diem* and mileage of all witnesses who, under this opinion, are entitled to them, and who have presented and proved their claims, can be taxed in this cause.

At the second trial in April, 1886, nine witnesses attended. Some of these were subpœnaed to testify as to points admitted on the former trial. All of them lived more than 100 miles from the place of trial and in this state. No stipulation or entry was made on record that the facts admitted on the first trial would be admitted on the second trial, nor was any assurance, verbal or otherwise, given to this effect. The

plaintiff was bound to prepare and prove his case. The *per diem* and mileage of these witnesses, subject to the rule that but three could be used for each issue, can properly be taxed.

Between the first and the second trial this court met in Columbia, in November, 1885. The cause was on the docket, and could be tried. The plaintiff's attorney learned before court met that there would be no trial, and was able to inform all but two witnesses. These attended that court. They are entitled to mileage and *per diem*.

Certain depositions were taken in the cause, *de bene esse*, issued out of the state court. If these were issued before petition for removal, costs of witnesses attending them can properly be taxed, even if the depositions were not used because of the presence of the witnesses who were .thus examined, or because the facts testified to by them were admitted. Otherwise, they cannot be taxed. The fees of three commissioners are also charged. Three were unnecessary, unless the defendant assented. If he did not so assent, and if the depositions were issued before petition for removal was filed, let the costs of one commissioner, $10, be allowed.

Let the clerk reform the taxation in accordance with the rules above laid down.