## The Syracuse.

### Goldsmith v. The Syracuse.

*(Circuit Court, S. D. New York. November 14, 1888.)*

1. TOWAGE—NEGLIGENCE—PROCEEDINGS IN REM.
    Where a canal-boat, while in tow by certain tugs, preparatory to making fast to a steamer which is to convey the tow to its destination, is injured by the negligence of the tugs, proceedings *in rem* cannot be maintained therefor against the steamer, though owned by the same company owning the tugs.

2. WITNESS—FEES—MILEAGE—IN FEDERAL COURTS.
    Witness fees in the federal courts are taxable for travel not exceeding 100 miles, unless the distance be wholly within the district, though the witness attend the trial voluntarily, at the request of one of the parties.

In Admiralty. Libel for damages. On appeal from district court.

Proceedings *in rem* by libelant, Goldsmith, against the steam-boat Syracuse for damage done to libelant's canal-boat by certain other tugs while in charge of a tow consisting of libelant's boat and others, preparatory to and before making fast to the Syracuse, which was to convey the tow to New York. The contract for towage was with the Schuyler Towing Company, by whom the tugs and the Syracuse were owned, but it did not specify the particular boat that should do the towing. The libel was dismissed by the district court, and libelant appeals.

*Hyland & Zabriskie*, for appellant.

*Owen & Gray*, for claimant.

WALLACE, J. If the towage contract in this case had been made with the master of the Syracuse, or if the suit were *in personam* against her owner, the question whether the injuries received by the tow were in consequence of what was done before or after the Syracuse made fast to the tow would be immaterial. But as this is a suit *in rem* against the steam-boat it can only be sustained by evidence of negligence or breach of obligation on her part with reference to the transaction. By the contract with the libelant the Schuyler Towing Company undertook to tow

his canal-boat from Albany to New York, but not by any particular tug or steamer. The company employed the tugs Robertson, Winants, and Betts to take the tow, of which the libelant's boat was one, up the river, and turn it about, and get the tow started on its course down the river; and the negligent acts by which the libelant's boat was injured were committed by these tugs while they were in charge of the tow, before the Syracuse undertook any towage service, or was under any responsibility for the management or supervision of the tow. The suit could as well be maintained against any other of the steam-boats or tugs owned by the Schuyler Towing Company which had no connection whatever with the voyage or tow in question as against the Syracuse. The libelant has mistaken his remedy, and for that reason the decree of the district court dismissing the libel is affirmed, with costs of this court.

The question has arisen as to the taxation of costs in the district court. It has long been the practice in this circuit to permit the taxation of fees of witnesses for travel, not exceeding 100 miles from the place of trial, unless the distance is wholly within the district of the court, although the witness was not subpœnaed, but attended upon the trial voluntarily, at the request of the party for whom he testified. The cases of *U. S.* v. *Sanborn,* 28 Fed. Rep. 299, and of *Spaulding* v. *Tucker,* 2 Sawy. 50, and *Haines* v. *McLaughlin,* 29 Fed. Rep. 70, have been cited. The first holds that the witness' fees may be taxed for the whole distance between his residence and the place of trial, although his residence is outside of the district, and more than a hundred miles from the place of trial, and although he has not been subpœnaed, but attends voluntarily; and the latter hold that in no case can a witness' fees be taxed unless he has been subpœnaed to appear. These cases have been considered, but with the result that the rule which has heretofore obtained in this circuit seems the more reasonable, and gives the best practical effect to the language and spirit of sections 876, 863, and 850, Rev. St. U. S.