LILLIENTHAL v. SOUTHERN CAL. RY. CO.

(Circuit Court, S. D. California. April 23, 1894.)

No. 295.

1. COSTS—WITNESS FEES AND MILEAGE—VOLUNTARY ATTENDANCE.
Fees and mileage of witnesses who attend voluntarily, without subpoena, whether coming from without or within the district, are not taxable under Rev. St. § 848. Haines v. McLaughlin, 12 Sawy. 126, 29 Fed. 70, followed.

2. SAME.
The right of taxation under such circumstances is not given by the act of August 3, 1892, which merely provides a special rule in respect to mileage in certain western states and territories.

3. SAME—MAPS USED AT TRIAL.
The expense of maps necessarily introduced at the trial is taxable.

This was an action by Jesse W. Lillienthal against the Southern California Railway Company. Judgment was rendered for plaintiff, and defendant now appeals from the clerk's taxation of costs in respect to the fees and mileage of certain witnesses, who attended without subpoena.

Graves, O'Melveny & Shankland and Rothchild & Ach, for plaintiff.

W. J. Hunsaker and C. N. Sterry, for defendant.

ROSS, District Judge. This was an action at law in which the plaintiff recovered judgment, after which a memorandum of costs and disbursements was filed on his behalf, embracing, among other

items, a charge for one day's attendance of the witness Preble, together with 100 miles travel from Mojave, in this judicial district, and return, aggregating $11.50; and one day's attendance of the witness Blakeman, together with 141 miles travel from Barstow, in this judicial district, and return, aggregating $15.60; and one day's attendance of the witness Lake, together with 141 miles travel from Barstow, and return, aggregating $15.60; and one day's attendance of the witness O'Shaughnessy, together with 482 miles travel, from San Francisco, without this judicial district, and return, aggregating $49.70; and one day's attendance of the witness Bugbee, and 742 miles travel from Redding, in the state of California, and without this judicial district, and return, aggregating $75.70; and an item for maps necessarily introduced in evidence in the trial of the case, $14.30. These items, against the objections of the defendant, were taxed by the clerk, and from his action in that respect the defendant has appealed to the court.

For none of the witnesses above mentioned was a subpoena issued in the case, and their attendance upon the court at the trial was therefore voluntary. That being so, the defendant contends that it is not chargeable with any fees for their attendance, whether residing within or without this judicial district, and cites in support of its position two decisions of the late circuit judge for this circuit. The first is Spaulding v. Tucker, 2 Sawy. 50, Fed. Cas. No. 13,221, in which Judge Sawyer held, among other things, that the losing party cannot be taxed with the traveling fees of witnesses residing either within or beyond the reach of a subpoena who voluntarily attend the trial at the request of the prevailing party; and in the subsequent case of Haines v. McLaughlin, 12 Sawy. 126, 29 Fed. 70, he adhered to the same ruling, when asked to reconsider, upon the authority of the case of U. S. v. Sanborn, 28 Fed. 299, the ruling theretofore announced by him.

The provisions of the statute upon which the rulings of Judge Sawyer were based are as follows:

"The following and no other compensation shall be taxed and allowed * * * witnesses * * * in the several states and territories, except in cases otherwise expressly provided by law * * *." Section 823, Rev. St. "Witnesses' Fees. Sec. 848. For each day's attendance in court, or before any officer pursuant to law, one dollar and fifty cents, and five cents a mile for going from his place of residence to the place of trial or hearing, and five cents a mile for returning. When a witness is subpoenaed in more than one case between the same parties, at the same court, only one travel fee and one per diem compensation shall be allowed for attendance, * * *."

Judge Sawyer held, as did other judges in cases referred to in his opinion, that the words "pursuant to law," used in section 848 of the Revised Statutes, mean upon service of process, and not voluntarily upon the request of the party without process; and that a witness who attends without being served with process is not entitled to fees for travel. The contrary was held by Mr. Justice Gray and Circuit Judge Colt in U. S. v. Sanborn, supra, and in a number of other cases referred to in the opinion of Justice Gray in that case. It is unfortunate that there is no decision of

the supreme court settling the point for all the circuits and districts. Without regard to my individual views, I think I ought to adhere to the construction put upon the statute so long ago by the circuit judge for this circuit, and which, so far as I am advised, has prevailed here ever since.

Counsel for plaintiff, however, further rely upon an act of congress passed August 3, 1892 (27 Stat. 347), in respect to the mileage to be allowed jurors and witnesses in certain states, including California, and in certain territories, which reads:

"That jurors and witnesses in United States courts in the states of Wyoming, Montana, Washington, Oregon, California, Nevada, Idaho and Colorado, and in the territories of New Mexico, Arizona and Utah, shall be entitled to and receive fifteen cents for each mile necessarily traveled over any stage line or by private conveyance, and five cents for each mile over any railway in going to and returning from said courts; provided, that no constructive or double mileage fees shall be allowed by reason of any person being summoned both as witness and juror, or as witness in two or more cases pending in the same court and triable at the same term thereof."

This statute does not undertake to declare the circumstances under which the fees of witnesses may be taxed as costs. Indeed, it does not provide for a witness fee at all, but only provides a special rule in respect to the amount of mileage to which witnesses and jurors shall be entitled in the states and territories therein named. The fees of witnesses, for their services as such, and the circumstances under which they are legally entitled to any compensation as witnesses, remain provided for by sections 823 and 848 of the Revised Statutes. The mileage allowed by the act of August 3, 1892, to witnesses is manifestly to witnesses who by law are entitled to witness fees. It was never intended to allow it to one not entitled to a witness fee. Following, therefore, the construction placed in this circuit upon sections 823 and 848 of the Revised Statutes, it is clear that the provisions of the act of August 3, 1892, are insufficient upon which to base the allowance of the fees of the witnesses in question.

That the charge for maps necessarily introduced in evidence in the trial of the case was a proper one was decided by this court in the case of Hewitt v. Story.[1]

An order will be entered in accordance with these views.

---

[1] No opinion filed in case cited.