SLOSS IRON & STEEL CO. v. SOUTH CAROLINA & G. R. CO.

(Circuit Court, D. South Carolina. July 2, 1896.)

1. COSTS—WITNESSES—VOLUNTARY ATTENDANCE.
    A party is entitled to the per diem allowance and mileage for the attendance of witnesses who have attended without subpœna, and have either been sworn and examined, or not sworn, because their evidence was made unnecessary by a ruling of the court.

2. SAME—MILEAGE.
    A party is entitled to tax mileage for the attendance of witnesses only to the extent of 100 miles, when the witnesses reside more than that distance from the place of trial of the cause, and out of the jurisdiction.

3. SAME—DEPOSITIONS.
    A party is entitled to tax costs for any deposition taken in the cause, and to which no exception is made, though it is not read or offered in evidence on the trial.

Smythe, Lee & Frost, for plaintiff.

J. W. Barnwell, for defendant.

SIMONTON, Circuit Judge. This case comes up on an exception to the taxation of costs made by the clerk. There are two exceptions.

Roberts and McQueen, citizens and residents of Birmingham, Ala., attended the trial of the case, witnesses for the plaintiff, not under subpœna. The latter was sworn and examined. The former was present, but was not sworn. A ruling of the court as to the issue before the jury prevented him from going on the stand. Plaintiff has charged per diem and mileage from Birmingham for each of these witnesses. The clerk has allowed the per diem, but has not allowed mileage for more than 100 miles. Plaintiff excepts to this.

Two questions are made:

First. Are they entitled to pay as witnesses, in the absence of the subpœna? Judge Deady, in Spaulding v. Tucker, 2 Sawy. 50, Fed. Cas. No. 13,221, holds that the subpœna is necessary, and his conclusion has been followed by other judges. With deference, I cannot concur in this view. The costs of witnesses are a part of his disbursements, to which the successful party is entitled. The purpose of the subpœna is to enforce attendance. If it be disobeyed, the party summoned can be attached; but, if he attend without compulsion, he is entitled to compensation. This is the conclusion reached by Mr. Justice Gray on circuit, in U. S. v. Sanborn, 28 Fed. 302, and was concurred in by Mr. Justice Brown (then district judge) in The Vernon, 36 Fed. 116. In the conflict of persuasive authority, the two cases just cited will be followed.

The next question presents greater difficulty: To what mileage are these witnesses entitled? Must they be paid for coming from and for returning to Birmingham, which is out of the jurisdiction, and more than 100 miles from the place of trial, or must their mileage be limited to 100 miles? The practice in the circuit courts on this question differs. In the First circuit the witness is entitled to the whole mileage, without any limit as to 100 miles, and without regard to his residence within the jurisdiction. U. S. v. Sanborn, 28 Fed. 302; Prouty v. Draper, 2 Story, 200, Fed. Cas. No. 11,447; Whipple v. Cotton Co., 3 Story, 84, Fed. Cas. No. 17,515; Hathaway v. Roach, 2 Woodb. & M. 63, Fed. Cas. No. 6,213. In the Second circuit the rule is to the contrary of that in the First circuit. Anon., 5 Blatchf. 134, Fed. Cas. No. 432 (Mr. Justice Nelson and Shipman, J.); Beckwith v. Easton, 4 Ben. 357, Fed. Cas. No. 1,212; The Leo, 5 Ben. 486, Fed. Cas. No. 8,252; Buffalo Ins. Co. v. Providence & S. S. S. Co., 29 Fed. 237; The Syracuse, 36 Fed. 830. So, also, in the Third circuit the rule is the same as in the Second circuit. The Progresso, 48 Fed. 240. The Sixth circuit concurs with the Second and Third circuits. The Vernon, 36 Fed. 117. So does the Eighth circuit. Pinson v. Railroad Co., 54 Fed. 464. And in the Ninth circuit the same rule prevails. Spaulding v. Tucker, 2 Sawy. 50, Fed. Cas. No. 13,221; Haines v. McLaughlin, 29 Fed. 70. There is no reported case in the circuit court on this

point in this circuit, and none within my knowledge. In the case of In re Williams, 37 Fed. 325, a witness for the government in the district court was allowed mileage from his residence in New Jersey. That, however, was a criminal case, and, although the case does not state it, was decided under the conviction that the testimony of the witness could not have been taken by deposition or commission. An accused person has the right to be confronted with the witnesses against him. Amend. Const. U. S. art. 6. The question was made, but not decided, in Young v. Insurance Co., 29 Fed. 273. The law compensates a witness for attending upon the court, because, in obedience to its mandate, he has turned aside from his ordinary avocations to assist in the promotion of justice. It can compel him to do so, and, of course, he will then be compensated. Even if he does not await the process of the court, and attends without it, his voluntary service will be compensated. This is because he has come voluntarily when he might have been compelled to come. But a witness residing more than 100 miles from the place of trial cannot be compelled to attend the court; and, if he attends without compulsion, it is not a waiver of the subpœna, or an obedience to the authority of the court without requiring an express order, but a voluntary attendance controlled by some other motive. Besides this, great weight can be attached to the argument ab inconvenienti. If mileage can be taxed for witnesses from their place of residence, the burden of litigation could not be borne. This country is so vast, and its population so closely interwoven in their domestic and business relations, that in a large number of cases the testimony of witnesses residing out of the jurisdiction is needed. For this reason, witnesses can be examined by commission and by deposition. But if, instead of adopting this mode, the witness should attend in person from a remote part of this country or from abroad, the costs of the case might be ruinous. In the divergence of opinion of judges of eminence, this court concurs with the majority of the courts, and adopts the views expressed by Judge Brown in The Vernon, 36 Fed. 116, including his qualification of the rule. Cases may occur—exceptional cases, of rare occurrence—in which the presence of a witness is absolutely necessary. Such cases can be provided for by special order, and full mileage be allowed. In the present case the exception to the taxation by the clerk is overruled.

The other exception is taken by the defendant. Certain depositions were taken for defendant in this cause. Under the ruling of the court directing a verdict, these were not used at the trial. The plaintiff has charged costs for them. The clerk allowed the costs, and defendant excepted. The language of the statute is "for each deposition taken and admitted in evidence in a cause." 10 Stat. 162. Now, the deposition was taken; no exception was made thereto; and, as the deposition was that of the defendant, it can safely be assumed, at least as to it, that no exception could be taken. It was therefore in a sense admitted in evidence in a cause to be used as evidence. As Mr. Justice Nelson says in Nail Factory v. Corning, Fed. Cas. No. 14,197, this language of the statute "relates to

testimony taken out of court under authority, which will entitle it to be read as evidence." The service in taking a deposition is rendered when it is taken, and for this compensation is given. Merely reading or listening to it during the trial is service of another character. The exception is disallowed.