### GRIGGSBY CONST. CO. v. LOUISIANA & N. W. R. CO.

(Circuit Court, E. D. Arkansas, W. D. June 25, 1903.)

1. WITNESSES—MILEAGE—ATTENDANCE WITHOUT SUBPŒNA.

Witnesses who attend a federal court at the request of a party to an action, although not served with a subpœna, and are sworn on the hearing, are entitled to mileage, but when they reside in another district the mileage allowed must be limited to 100 miles each way.

On Motion to Retax Costs.

Hill & Auten, for plaintiff.

John M. Moore and W. B. Smith, for defendant.

TRIEBER, District Judge. The question submitted to the court on this motion is whether witnesses residing in the district, or, if without the district, within 100 miles from the place where the court is held, are entitled to mileage if they attended the court voluntarily at the request of the successful party, and were used as witnesses at the trial, although not served with subpœna. As the question arises quite frequently in this court, it is deemed best to settle it as definitely as the opinion of a trial court can, in order that the clerk may be fully advised as to the law, so far as this court is concerned, and thus save to suitors the trouble of presenting, and the court of deciding, motions to retax costs.

The language of the statute is that witnesses shall be entitled to receive "for each day's attendance in court or before any officer

pursuant to law $1.50, and 5 cents a mile for going from his place of residence to the place of trial or hearing, and 5 cents a mile for returning." U. S. Rev. St. § 848 [U. S. Comp. St. 1901, p. 654]. It will be noticed that the statute does not limit this compensation, either as to the per diem or mileage, to witnesses attending under subpœna, but "for the attendance in court or before any officer pursuant to law." The failure to serve the witness with a subpœna will prevent a party from securing process of attachment to compel his attendance, but if the witness waives the service of process and is willing to attend, and does attend, the trial, is sworn, and testifies as a witness at the hearing, there is no reason why the opposite party should have any cause to complain. He is in no way injured thereby; on the contrary, he is benefited to the extent of the cost of issuing and serving the subpœna.

While there is some little conflict among the decisions on this subject, the great weight of authority is in favor of the rule that the witness is entitled to mileage, if, at the request of a party to the action, he attends court and is used as a witness at the hearing. Anderson v. Moe, 1 Abb. (U. S.) 299, Fed. Cas. No. 359; U. S. v. Sanborn (C. C.) 28 Fed. 299; Cummings v. Plaster Co., 6 Blatchf. 509, Fed. Cas. No. 3,473; In re Williams (D. C.) 37 Fed. 325; Eastman v. Sherry (C. C.) 37 Fed. 845; Burrow v. R. R. Co. (C. C.) 54 Fed. 278; Pinson v. R. R. Co. (C. C.) 54 Fed. 464; Sloss Iron & Steel Co. v. R. R. Co. (C. C.) 75 Fed. 106; Hanchett v. Humphrey (C. C.) 93 Fed. 895; St. Matthew's Sav. Bank v. Fidelity, etc., Co. (C. C.) 105 Fed. 161.

The clerk will allow mileage to witnesses who attend court with or without subpœna, if in the latter instance they came, at the request of a party to the action, for the purpose of being used as a witness at the hearing, and were sworn as such; but, in case they reside in a district other than that where the court is held, the mileage allowed must not exceed 100 miles each way.