AGIUS, Limited, v. PERKINS CO.

(Circuit Court, S. D. New York. March 11, 1907.)

COSTS—FEES AND MILEAGE OF WITNESSES—TESTIMONY TAKEN ON COMMISSION.
  Where the prevailing party, in an action at law in a federal court, has taken testimony in a foreign country under a dedimus potestatem pursuant to Rev. St. § 866 [U. S. Comp. St. 1901, p. 663], he is entitled to tax as a disbursement the fees and mileage of the witnesses at the same rate as though they had attended upon the trial.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 731.]

On Appeal from Clerk's Taxation of Costs.

Convers & Kirlin, for plaintiff.

Shearman & Sterling, for defendant.

HOUGH, District Judge. The prevailing party herein, having taken testimony in London by commission, offered to tax as a necessary disbursement, in assumed compliance with Rev. St. § 848 [U. S. Comp. St. 1901, p. 654], an attendance fee and mileage for each witness examined on its behalf before the commissioner. The clerk allowed the fees charged and mileage not exceeding 100 miles by analogy to the rule of this circuit in respect of witnesses attending on the trial. The Syracuse (C. C.) 36 Fed. 830. The appellant contends that no warrant of law exists for the allowance of such a disbursement in respect of witnesses examined in foreign countries.

The testimony was taken under a dedimus potestatem pursuant to Rev. St. § 866, and the exact point here presented seems to be new. The statute requires that depositions under a commission such as this be taken "according to common usage," which means in accordance with the usual practice in equity or at common law as the case may be. Bischoffschein v. Baltzer (C. C.) 10 Fed. 1; Jones v. Oregon, etc., Co., Fed. Cas. No. 7,846. This case is at law, and the common usage referred to is therefore the practice in similar cases of the courts of New York. Jones v. Oregon, etc., Co., supra. I perceive no reason why the reasonable expense of procuring witnesses does not rank as a taxable disbursement with the reasonable expense of securing the services of a commissioner to take the testimony of such witnesses. This has long been regarded as a taxable disbursement, though the

amount has been limited to the amounts ordinarily paid to United States commissioners for similar services (Sedgwick v. Grinnell, Fed. Cas. No. 12,613), or to the reasonable charges of the person serving as commissioner according to the ordinary scale of expense in the place where the services are rendered (The Frisia [D. C.] 27 Fed. 480); and in Young v. Merchants' Insurance Co. (C. C.) 29 Fed. 276, it was assumed that the fees and expenses of witnesses whose testimony was taken in other states prior to removal to the federal court were taxable. I am not referred to any decision in the New York courts exactly covering this point, but I think that the reasoning in Delcomyn v. Chamberlain, 48 How. Prac. (N. Y.) 409, necessarily justifies the ruling of the clerk.

As the taxing officer has allowed no larger sums than would have been taxable had the witnesses attended upon the trial, his taxation is affirmed.