UNITED STATES v. NATIONAL SURETY CO.

(District Court, E. D. Pennsylvania. March 1, 1909.)

No. 3.

Costs (§ 184*)—Actions by United States—Expenses of Officers as Witnesses.

Rev. St. § 850 (U. S. Comp. St. 1901, p. 655), which provides that "where any clerk or other officer of the United States is sent away from his place of business as a witness for the government his necessary expenses stated in items and sworn to, in going, returning and attendance on the court shall be audited and paid; but no mileage or other compensation in addition to his salary shall in any case be allowed," includes officers in the military service, and when the United States recovers a judgment it is entitled to have included therein as costs the necessary expenses of such witnesses in lieu of mileage and per diem, and it is immaterial whether the distance traveled was more or less than 100 miles.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 184.*]

Appeal from Taxation of Costs.

John C. Swartley, Asst. U. S. Dist. Atty.

William H. Wylie, for defendant.

J. B. McPHERSON, District Judge. In this controversy the government recovered separate verdicts against a contractor and his surety, and presented a bill of costs, to part of which objection is taken by the surety. The items attacked are the detailed expenses of four witnesses, of whom two were called and sworn and the other two were in attendance. The fact that the expenditures were made is not denied, and no objection is made on the ground either that they were not necessary, or that only two of the witnesses were called to testify. It appears without contradiction that each of the witnesses is an officer in the military service of the United States (one having been retired shortly before the trial), and that three of them were obliged to travel more than 100 miles from the respective places where they were stationed to the city of Philadelphia, where the trial took place. The clerk allowed the items in dispute, and the present appeal from his

decision is based upon two objections, which are thus stated by the appellant:

"Because the defendant has been taxed to the actual expenses of witnesses, including parlor cars, porters, and meals en route.

"Because the defendant has been taxed for mileage in excess of 100 miles from place of trial."

That the actual expenses of clerks from the executive departments at Washington are properly taxable as part of the costs in a civil suit brought and won by the government was expressly decided by the Supreme Court in United States v. Sanborn, 135 U. S. 281 et seq., 10 Sup. Ct. 812, 34 L. Ed. 112. It was there held that the allowance of such expenses as part of the costs was provided for by section 850 of the Revised Statutes (U. S. Comp. St. 1901, p. 655):

"When any clerk or other officer of the United States is sent away from his place of business as a witness for the government, his necessary expenses, stated in items and sworn to, in going, returning, and attendance on the court, shall be audited and paid, but no mileage or other compensation in addition to his salary shall in any case be allowed."

The opinion of the court examines the various statutory provisions on the subject of witness fees, and states the ground of the decision as follows (page 285 of 135 U. S., page 817 of 10 Sup. Ct. [34 L. Ed. 112]):

"It is not disputed that the United States, if successful in a suit, is entitled to have included in the judgment the statutory fees for per diem and mileage for its witnesses, other than its officers who may be sent away from their places of business to attend upon the court. And we cannot think it was intended by section 850 to deny to the government the right, when successful in a suit, to have even the necessary expenses of witnesses of the class described in that section included in the judgment for costs; or that the United States intended to remit to its defeated adversary not only witness fees for per diem and mileage, but the necessary expenses of witnesses who happened to be in its employment, and whom it sent away from their place of business to testify in its behalf. As a person of that class receives, while absent, his stipulated salary, and is paid in that way for his time, it is not deemed just that he should also receive mileage and per diem, but instead thereof he is allowed his necessary expenses, which, being audited by or under the direction of the court upon which he attends as a witness, he is entitled to have paid to him; and the government, being under an obligation to pay them, is entitled to have the amount so audited included in its bill of costs, and in any judgment rendered in its favor. In other words, when the government is successful in a suit, the 'necessary expenses' of its witnesses of the class described in section 850, take the place in its bill of costs of the per diem and mileage, which, but for that section, would have been taxed and allowed in its favor, just as a marshal may elect to take his actual traveling expenses instead of mileage where mileage is allowed to him."

From the reasoning of the court it is clear, I think, that military officers of the United States are also included under section 850, and that their necessary expenses are to be taxed in place of the per diem fees and mileage to which they would otherwise be entitled. The Attorney General's Department also has decided, on three occasions at least, that section 850 applies to officers and soldiers in the military service of the government. 15 Op. Atty. Gen. 486; 16 Op. Atty. Gen. 113; Id. 147.

Even if the appellant's position were generally correct, namely, that section 863 (page 661) (when read in connection with section 876 [page 667]) permits, and perhaps requires, the taking of depositions where a witness lives "at a greater distance from the place of trial than 100 miles," and therefore implies that the personal presence of such a witness is to be looked upon with disfavor, thus operating to refuse mileage for more than the specified distance in case he does attend—a position upon which I intimate no opinion—it is clear from the foregoing language of the Supreme Court that such a question cannot arise about the proper mileage to be allowed to a government officer. Mileage as such is not to be computed in his favor at all; he is to be allowed his necessary expenses for travel and maintenance without regard to the actual distance. Whether, therefore, he lives at a greater or less distance than 100 miles from the place of trial, is of no importance.

The appeal is dismissed, and the taxation of the clerk is affirmed.