### UNITED STATES v. SOUTHERN PAC. CO.

(Circuit Court, D. Oregon.    September 13, 1909.)

1. PENALTIES (§ 41*)—COSTS—NATURE OF SUBJECT-MATTER—ACTION FOR PENALTY FOR VIOLATION OF TWENTY-EIGHT HOUR LAW.

An action by the United States to recover from a carrier the penalty imposed by Act June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918), for confining live stock more than 28 consecutive hours, is a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

civil-action, with all the ordinary incidents of such an action, including lia-·
bility of the defeated party for costs; but, if regarded as penal, on a re-
covery by the government, the defendant is subject to the payment of
costs by the terms of Rev. St. § 974 (U. S. Comp. St. 1901, p. 703).

[Ed. Note.—For other cases, see Penalties, Dec. Dig. § 41.*]

2. COSTS (§ 173*)—ITEMS—ATTORNEY'S FEES—ACTION FOR VIOLATION OF TWEN-
TY-EIGHT HOUR LAW.

On a recovery by the government in an action for violation of Act June
29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918), known
as the "Twenty-Eight Hour Law," in the district of Oregon, a docket or
attorney's fee of $40 is taxable against the defendant, under the provi-
sions of Rev. St. §§ 824, 837 (U. S. Comp. St. 1901, pp. 632, 644).

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 688; Dec. Dig. §
173.*]

3. COURTS (§ 357*)—FEDERAL COURTS—COSTS—MILEAGE OF WITNESSES.

The prevailing party in a civil action in a federal court is entitled to·
tax as a part of his costs mileage for his witnesses for the distance neces-
sarily traveled by them from any point to which a subpœna would run,
viz.: From any point within the district, and for not exceeding 100 miles·
for witnesses coming from without the district.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 938; Dec. Dig. §.
357.*]

4. COURTS (§ 357*)—FEDERAL COURTS—COSTS—MARSHAL'S FEES.

The prevailing party in a suit in a federal court is not entitled to tax
against his opponent as a part of his costs· the fees of the marshal for·
serving subpœnas on witnesses residing without the district and more-
than 100 miles from the place of trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 938; Dec. Dig. §
357.*]

5. COURTS (§ 357*)—FEDERAL COURTS—COSTS—ACTION BY UNITED STATES—WIT-
NESS FEES.

Under Rev. St. § 850 (U. S. Comp. St. 1901, p. 655), the United States,·
when the prevailing party in a suit in a federal court, is entitled to tax as
costs the necessary expenses of a salaried employé taken away from his·
place of business to attend as a witness for the government, regardless of
the distance traveled by him.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 938; Dec. Dig. §
357.*]

On Taxation of Costs.

Walter H. Evans, Asst. U. S. Dist. Atty.

J. E. Fenton, for defendant.

BEAN, District Judge. The plaintiff, having recovered judgment in·
two civil actions against the defendant for violation of Act Cong.
June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p.
918), prohibiting any railroad company from confining animals, while·
in transit from one state to another, for more than 28 hours, and which
is commonly known as the "Twenty-Eight Hour Law," filed its bill of
costs in each of such actions. The defendant objects to the allowance
of any costs, on the ground that the proceeding to recover the penalty
provided in the act referred to is neither an action at law nor a suit
in equity, but is a special proceeding, and since the act itself does not
authorize or warrant the imposition of costs, in addition to the penalty
therein provided for a violation of its provisions, no costs can be·

taxed. The defendant also objects to certain items in the complainant's bill of costs: First, a docket or attorney's fee of $10; second, for the mileage of certain witnesses on behalf of the plaintiff, who reside in this state and more than 100 miles from the place of trial; third, for the mileage of certain witnesses residing in the state of California; fourth, for the fees of the marshal of the Northern district of California for serving subpœnas on witnesses in that district, and a similar item for the fees of the marshal of the district of Washington for serving a subpœna in that district; fifth, the expenses of one Hanson, an employé of the Reclamation Service, who was sent from Toppenish, in Washington, to testify as a witness in the case.

1. An action to recover the penalty provided in the act of Congress referred to is a civil action with the ordinary incidents of such an action. Montana Central Railway Co. v. United States, 164 Fed. 400, 90 C. C. A. 388; United States v. Southern Pacific Co. (D. C.) 157 Fed. 459; United States v. Baltimore Ry. Co., 159 Fed. 33, 86 C. C. A. 223; United States v. Southern Pacific Co. (D. C.) 162 Fed. 412; New York Central Railroad Co. v. United States (C. C. A.) 165 Fed. 833. And therefore the plaintiff, as the prevailing party, is entitled to its costs. Western Coal & Mining Co. v. Petty, 132 Fed. 603, 65 C. C. A. 667 Moreover, section 974 of the Revised Statutes (U. S. Comp. St. 1901, p. 703) provides that when judgment is rendered against the defendant in a prosecution, for any fine or forfeiture incurred under a statute of the United States, he shall be subject to the payment of costs. This section would seem to authorize the taxation of costs in actions of this kind.

2. Sections 824 and 837 of the Revised Statutes (U. S. Comp. St. 1901, pp. 632, 644) authorize the taxation and allowance, on a trial before a jury in a civil or criminal action prosecuted by the government, of a docket or attorney's fee of $40. These provisions, so far as they may relate to the district attorney, are not repealed or modified by Act May 28, 1896, c. 252, 29 Stat. 179 (U. S. Comp. St. 1901, p. 611), placing district attorneys on salaries, except as to the disposition of such fees. Section 6 of the latter act provides that all fees and emoluments allowed by law to be paid United States attorneys and United States marshals shall be charged as heretofore, and shall be collected, as far as possible, and paid to the clerk of the court having jurisdiction, and by him covered into the treasury; and section 17 declares that sections 6 to 16, inclusive, shall not be construed to prevent or affect the assessment or taxation of costs against the unsuccessful party in a civil proceeding, or against defendants convicted of crimes or misdemeanors.

3. The extent to which the prevailing party in a civil action may charge against his adversary mileage fees of witnesses who attended the trial on his behalf is a subject of much conflict in the federal decisions. The question has not been authoritatively decided by the Supreme Court or the Court of Appeals, so far as I am advised. In some jurisdictions it is held that the successful party is entitled to the mileage of his witnesses, regardless of the place of their residence, or whether they came from or out of the district, and whether they attended in obedience to a subpœna or at the request of the party.

United States v. Sanborn (C. C.) 28 Fed. 299. In others it is held that since section 863, Rev. St. (U. S. Comp. St. 1901, p. 661), provides for taking the deposition of a witness residing more than 100 miles from the place of trial, the clerk has no authority to allow mileage for a witness residing at a greater distance, whether within or without the district. Smith v. Chicago & Northwestern Ry. Co. (C. C.) 38 Fed. 321. The rule, however, supported by the great weight of authority is that the prevailing party in a civil action is entitled to charge, as part of his costs, mileage for the distance necessarily traveled by a witness to attend the trial on his behalf from any place to which a subpœna will run; that is, from any point within the district, or from any point out of the district and not exceeding 100 miles from the place of holding court. The Syracuse (C. C.) 36 Fed. 830; Eastman v. Sherry (C. C.) 37 Fed. 845; Burrow v. Kansas City R. R. Co. (C. C.) .54 Fed. 278; The Vernon (C. C.) 36 Fed. 113; Sloss Iron & Steel Co. v. South Carolina Ry. Co. (C. C.) 75 Fed. 106; Griggsby Construction Co. v. Louisiana Ry. Co. (C. C.) 123 Fed. 751; Buffalo Ins. Co. v. Steamship Co. (C. C.) 29 Fed. 237. And this seems to be the rule prevailing in this district and circuit. Spaulding v. Tucker, 2 Sawy. 50, Fed. Cas. No. 13,221; Haines v. McLaughlin (C. C.) 29 Fed. 70; Hunter v. Russell (C. C.) 59 Fed. 964; Hanchett v. Humphrey (C. C.) 93 Fed. 895. The costs in this case will be taxed in accordance with this rule, and plaintiff will be allowed to include in its judgment the mileage of its witnesses residing in the state, and not to, exceed 100 miles for those residing out of the state.

4. A witness residing out of the district and more than 100 miles from a place of trial cannot be compelled to attend in obedience to a subpœna. The service of a subpœna upon him by the marshal amounts to nothing more than a request to attend, and the prevailing party is therefore not entitled to charge against his opponent as a part of the cost the marshal's fees for serving such a subpœna. This is the interpretation given Parker v. Bamker, 6 McLean, 631, Fed. Cas. No. 10,725, by Judge Sawyer, in Spaulding v. Tucker, supra, and is a reasonable rule.

5. The witness Hanson was a salaried employé of the government in the Reclamation Service, and was sent from his place of business at Toppenish, Wash., as a witness; and therefore the plaintiff is entitled, under section 850, Rev. St. (U. S. Comp. St. 1901, p. 655), to have included in the judgment against the defendant his necessary expenses in going and returning and attendance on the court, regardless of the distance traveled by him. United States v. Sanborn, 135 U. S. 271, 10 Sup. Ct. 812, 34 L. Ed. 112; United States v. National Security Co. (D. C.) 168 Fed. 314.

The costs in the two cases referred to will be taxed in accordance with the rules above stated.